## STATE v. ADAM ZANGER.

No. A-1628.    Opinion Filed April 5, 1913.

(130 Pac. 1107.)

INTOXICATING LIQUORS—Information—Illegal Sale. An information, although awkwardly drawn, and containing several allegations which are objectionable, and the intent of which apparently indicates that it was the purpose of the pleader to charge two distinct offenses, but which, because of the language used, only charges one offense, to wit, the unlawful sale of beer, states facts sufficient to constitute an offense against the laws of this state, and is not demurrable.

(Syllabus by the Court.)

*Appeal from Coal County Court;*
*R. H. Wells, Judge.*

Information against Adam Zanger for violating the pro-
hibitory law. From a judgment sustaining a demurrer thereto,
the State brings error. Reversed.

*Jas. R. Wood,* County Atty., for the State.
*Fooshee & Brunson,* for defendant in error.

ARMSTRONG, P. J. This appeal is by the state of Okla-
homa upon a question reserved by the county attorney.

It appears that an information was filed in the county
court of Coal county purporting to charge the defendant in
error with violating the prohibitory law, the charging part of
said information being as follows:

"Said Adam Zanger did then and there willfully and un-
lawfully sell and furnish to one Jesse Combs certain malt
liquors, to wit, beer, and a certain imitation of, and a substi-
tute for, malt liquors, to wit, an imitation of, and a substitute
for, beer."

A demurrer was filed to this information on behalf of the
defendant in error, and was sustained by the trial court on
the following grounds:

"That said information does not state facts sufficient to
constitute a crime against the laws of the state of Oklahoma,
* * * that the information is duplicitous charging more
than one offense against the defendant."

The court erred in sustaining the demurrer to the inform-
ation, because it does state facts sufficient to allege the offense
of selling beer. Under a former holding of this court, it does
not state facts sufficient to constitute a "furnishing" within the
meaning of the prohibitory law. *Scott v. State,* 6 Okla. Cr. 492,
119 Pac. 1023. The allegation relative to furnishing is surplus-
age.

The latter clause in the charging part of the information
does not state facts sufficient to constitute the sale of an imi-
tation or substitute for beer under the holding of this court in

the case of *Ex parte Hunnicutt,* 7 Okla. Cr. 213, 123 Pac. 179, and for that reason it is not duplicitous; that portion of the information being also surplusage. We do not want to be understood as approving this information as a model form of pleading, but it is sufficient to charge and does charge the illegal sale of intoxicating liquor, to wit, beer.

It follows that the judgment of the trial court should be reversed, and the cause remanded for a trial. And it is so ordered.

DOYLE and FURMAN, JJ., concur.