## K. FEIGE v. STATE.

No. A-3861.   Opinion Filed June 2, 1923.

(215 Pac. 437.)

(Syllabus.)

1.   Indictment and Information—Information Charging Unlawful Practice of Medicine Without a License and not Recording a License Held not Duplicitous.   The information examined, and held not duplicitous.

2.   Physicians and Surgeons—Drugless Healers—Necessity for License.   Where a person maintains an office and holds himself out as competent to treat and heal those afflicted with physical infirmities by drugless healing methods, it is incumbent upon him to procure a license to pursue such practice as provided by penal statutes sections 8815 and 8818. Comp. St. 1921.

3.   Same—Evidence that Accused in Practice Without License Directed Use of Certain Drugs Raised Issue of Fact.   Evidence that the accused in his practice advised and directed the use of certain drugs raised an issue of fact for the jury.

Appeal from County Court, Oklahoma County; Edward E. Reardon, Special Judge.

K. Feige was convicted of practicing medicine without a license, and he appeals.   Affirmed.

John J. Carney, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for the State.

BESSEY, J.  K. Feige, plaintiff in error, here designated the defendant, was on June 17, 1920, by a verdict of a jury in the county court of Oklahoma county, convicted of the offense of practicing medicine without a license, contrary to the provisions of section 8815, Comp. Stat. 1921, and his punishment was fixed at a fine of $100 and confinement in the county jail for a period of 60 days.   From the judgment on this verdict he appeals.

The charging part of the amended information in this case is as follows:

"Said defendant did then and there unlawfully, wrongfully, and willfully practice medicine within the State of Oklahoma, without first having obtained from the state board of medical examiners a certificate, as provided by law, entitling him to practice medicine within the state of Oklahoma, and that he has not recorded any certificate with the county clerk of Oklahoma county, state of Oklahoma, in this to wit, that he did then and there unlawfully and willfully prescribe for and furnish medicine, to wit, Epsom salts, to one Nina Paasch; that said medicine, Epsom salts, is a drug or medicine now included in materia medica; that said treatment was given by said defendant to said Nina Paasch for a fee or compensation, to wit, $7; that said Epsom salts was prescribed for said Nina Paasch as a remedy for a disease of the eyes from which she was then suffering, the technical name of which is unknown to your informant; that said treatment and said practice by said defendant was contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state of Oklahoma."

To this information a demurrer was interposed alleging that the information was duplicitous. The demurrer was overruled. Thereupon the defendant, without further objection, entered his plea of not guilty; counsel for defendant specifically waiving further time to plead to the amended information. The cause then proceeded to trial.

It is an offense under the statute laws of this state to engage in the practice of medicine without a license. It is another and different offense for one having a certificate to practice medicine to engage in such practice without having first recorded the certificate with the county clerk of the county wherein the office of such physician or surgeon is located.

Defendant claims that the clause in the amended informa-

tion, "and that he has not recorded any certificate with the county clerk of Oklahoma county," makes the information duplicitous. This claim, it appears to us, is without merit. The amended information as a whole clearly attempted to state and did state the offense of practicing medicine without a license and set out in detail the character of such practice. This is indicated by the declaration in the amended information that defendant "did unlawfully and willfully practice medicine without first obtaining from the state board of medical examiners a certificate as provided by law." The statement that the accused had not recorded his certificate with the county clerk was not of itself a distinct or separate averment; it was simply an explanatory clause that could have been omitted; it was mere surplusage. Hughes v. State, 7 Okla. Cr. 117, 122 Pac. 555; State v. Zanger, 9 Okla. Cr. 122, 130 Pac. 1107.

It is apparent that, if the accused was practicing medicine without having obtained a license, no license was recorded with the county clerk. In this case the one offense included the other, and the averment that no license was recorded with the clerk was immaterial so long as it appears, as it manifestly does in this case, that the accused was being prosecuted for practicing without a license.

The proof shows and the defendant himself admitted that he maintained an office in Oklahoma City where he held himself out as a person competent to treat those afflicted with various physical infirmities and for which services a fee was charged. Certain witnesses for the state testified that the defendant in the course of his practice advised and directed them to use an Epsom salts solution as an eye wash. This the defendant denied, thus raising an issue of fact for the jury. Epsom salts is a drug the medicinal properties of which are listed and described in materia medica.

The accused claims that he was not practicing medicine within the meaning of our statute, but was a drugless healer; that his system was to use nature's remedies to purify the blood and to stimulate the different organs of the body by physical culture and proper food selection and by fasting. It seems that he also practiced psychic suggestion.

Section 8818, Comp. Stat. 1921, provides that any person claiming to practice any drugless system of healing must have attended a reputable college for a period of not less than 27 months and passed examinations in anatomy, chemistry, bacteriology, pathology, surgery, physical diagnosis, etc. It appears that the accused could not legally qualify as a drugless healer any better than as a regular practicing physician.

The accused admits that he made no attempt to comply with either of these statutes. From the whole record we conclude that the information was sufficient and that there was sufficient evidence to support the verdict.

The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.