## FRED IRVIN v. STATE.

No. A-2934.    Opinion Filed November 25, 1918.

(176 Pac. 83.)

1. **INDICTMENT AND INFORMATION—Time of Offense—Demurrer.** When time is not the essence of the offense charged, an indictment or information which alleges that the offense was committed during the months of July and August, 1916, is not subject to demurrer on the ground that the same is too indefinite as to time.

2. **SAME—Place of Offense.** An indictment which avers that the offense was committed by permitting a dwelling on the west side of Main street in the town of Commerce, in the county of Ottawa and state of Oklahoma, to be used as a place for persons to visit for the purpose of unlawful sexual intercourse, sufficiently avers the place where the offense is charged to have been committed.

3. **DISORDERLY HOUSE—Offense—Sufficiency of Indictment.** An indictment, which alleges that during the months of July and August, 1916, the defendant owned and controlled a house in the town of Commerce, in Ottawa county, Okla., and let said building, knowing that it was to be used for the purpose of persons to visit for unlawful sexual intercourse, charges an offense under section 2469, Rev. Laws 1910.

4.    **SAME—Offense—Sufficiency of Evidence.** Where the uncontradicted evidence shows that the owner of a building, controlled by him, rented same by the week to persons engaged in prostitution, and after the expiration of the first week of such renting was informed that said building was being used by its occupants for the purpose of prostitution, and the accused continued to rent said building to the same tenants. against the protests and objections of persons living adjacent to said house, the evidence sufficiently supports a judgment of conviction for permitting a building to be used for the purpose of unlawful sexual intercourse.

*Error from County Court, Ottawa County;*
*Vern E. Thompson, Judge.*

Fred Irvin was convicted of a misdemeanor, and he brings error.   Affirmed.

*A. C. Towne,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   This is an appeal from a judgment of conviction of the plaintiff in error, hereinafter called defendant, in the county court of Ottawa county, upon indictment for misdemeanor found in the district court of said county and transferred by the said district court to the county court of said county because the offense charged in said indictment is a misdemeanor.

The charging part of the indictment is as follows:

"That at and in the county of Ottawa, and in the state of Oklahoma, during the months of July and August, 1916, Fred Irvin, unlawfully, willingly and knowingly, allowed and permitted a certain frame building described as a two-story barn made over into a house, and located on the west side of Main street, in the town of Commerce, in the county of Ottawa and state of Oklahoma, being immediately in the rear of the residence of the said Fred Irvin, which he, the said Fred Irvin, owned and controlled, to be used as a place for persons to visit for the purpose of unlawful sexual intercourse.

"And so the grand jurors aforesaid, upon their oaths aforesaid, do find and say that the said Fred Irvin, did in the manner and form aforesaid, commit the crime of permitting a building to be used for the purpose of prostitution contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Oklahoma."

The defendant demurred to the indictment upon the ground that the same is too indefinite and uncertain as to the time and place of the alleged offense, and that said information or indictment does not state facts to constitute the offense attempted to be charged, or any public offense. This demurrer was overruled and exceptions duly saved.

. We are of the opinion that the indictment does state facts sufficient to constitute the offense charged—permitting a building to be used for the purpose of prostitution—and with sufficient certainty states the time and place where the offense was charged to have been committed, and definitely informs the accused of the offense with which he is charged so as to enable him to prepare for trial, and the court did not err in overruling the demurrer to said indictment.

"The common-law doctrine of a strict construction of criminal law, and all proceedings in criminal cases, and that an indictment should be certain to a certain intent in every particular, is not in force in Oklahoma.

"If an indictment is framed in such language as to enable a person of common understanding to know what is intended thereby, and sufficiently certain to enable a defendant to prepare his defense, and to plead a judgment of acquittal or conviction in bar to a subsequent prosecution for the same offense, such indictment is sufficient." *(J. W. Price v. State,* 9 Okla. Cr. 359, 131 Pac. 1102.)

"When time is not the essence of an offense, the state is not confined in its proof to any specific date, but it may

be proven at any time within the statute of limitations; and in such cases a conviction or acquittal will operate as a bar to a subsequent prosecution for this offense at any time prior to the filing of the information or indictment." (Ostendorf v. State, 8 Okla. Cr. 360, 128 Pac. 143.)

"The precise time at which an offense was committed need not be stated in an indictment, but it may be alleged to have been committed at any time prior to the filing of such indictment, except in cases where time is a material ingredient of the offense." (Star v. State, 9 Okla. Cr. 210, 131 Pac. 542.)

We deem it unnecessary to set out in detail the evidence in this case, as, after a careful examination of the same, we think there is sufficient evidence to show beyond a reasonable doubt that the defendant owned and controlled the building in question and rented it by the week to women of loose morals, knowing after the first week of said renting that the building, which was near defendant's home, was being used by said women as a place for persons to visit for the purpose of having unlawful sexual intercourse, and that the attention of the defendant was frequently called by citizens living adjacent to said building to the purpose for which said building was used, and protest made to said defendant against the continued use of said building for said immoral purpose, and begging that the same be abated.

The statute upon which this indictment is predicated is as follows:

Section 2469, Rev. Laws 1910: "Any person who lets any building or portion of any building, knowing that it is intended to be used for any purpose declared punishable by this article, or who otherwise permits any building or portion of a building, to be so used, is guilty of a misdemeanor."

Said article referred to in said section 2469 declares punishable, as a misdemeanor, the keeping of a place for

persons to visit for unlawful sexual intercourse, or for any other lewd, obscene, or indecent purpose.

The uncontradicted evidence in this case shows that the said house which was used for the purpose of prostitution was owned and controlled by the defendant; that he had base women as his tenants thereof, and that he rented the house to them by the week, and certainly, after the first week, knew that such tenants were engaged in prostitution; and therefore it clearly appears that he had knowledge of the character of the house, and the purpose for which it was used, and was guilty of permitting the house to be used as a place for persons to visit for the purpose of unlawful sexual intercourse, and the court did not err in overruling the demurrer to the evidence.

The defendant further complains of the general instructions given by the court, to which exceptions were saved. We have carefully examined each paragraph of said instructions and find that not any one of them substantially invades the rights of the defendant, and the court did not err in its general instructions.

We have thoroughly considered the requested instructions which were refused by the court and exceptions saved, and are of the opinion that the court did not commit prejudicial error in refusing to give either of said requested instructions, for the reasons that said instructions are either not germane to the issues involved in this case, or are covered by the general instructions given.

We have carefully considered the motion for a new trial, especially the ground that the grand jury which preferred the indictment was an illegal grand jury, and the refusal of the court to permit defendant to offer testimony showing such illegality, and are of the opinion that

in overruling said motion the court did not commit prejudicial error.

Finding no material errors in the record, the judgment of the trial court is in all things affirmed.

DOYLE, P. J., and MATSON, J., concur.