## TOM A. KILLOUGH v. STATE.

No. A-3042—Opinion Filed Aug. 26, 1919.

(183 Pac. 430.)

INTOXICATING LIQUORS—Possession with Intent to Violate Law—Information—Definiteness. Where an information charges in one count that on the 27th day of July, 1916, and between the said date and May 29, 1916, T. A. K. had possession of eight barrels of beer and 42 gallons of whisky, with intent to violate the prohibitory liquor laws of this state, and does not aver that possession of all of said intoxicating liquor was at one and the same time, it is too indefinite and uncertain, and insufficient to sustain a judgment thereon; and a demurrer thereto, on the ground of being too indefinite and uncertain, should be sustained.

*Appeal from County Court, Harper County;*
*A. H. Walker, Judge.*

Tom A. Killough was convicted of having illegal possession of intoxicating liquors with intent to violate the prohibitory liquor laws, and he appeals. Reversed, and cause remanded.

*C. W. Hofmeister* and *B. F. Willett,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.  The plaintiff in error, Tom A. Killough, hereinafter called defendant, was by information charged with the offense of having illegal possession of intoxicating liquors with intent to violate the prohibitory liquor laws, was convicted and sentenced to be confined in the jail of Harper county for a period of six months and to pay a fine of $500.  To reverse the judgment rendered, he prosecutes this appeal.

The charging part of the information in this case is as follows:

"That Tom A. Killough did, in Harper county and in the state of Oklahoma, on or about the 27th day of July, 1916, and between said date and May 29th in the year of our Lord 1916, and anterior to the presentment hereof, willfully, unlawfully, and knowingly commit the crime of possessing certain intoxicating liquors with the intention of violating the law in the manner and form as follows, to wit:  That is to say that the said Tom A. Killough did, on or about the date above named, then and there unlawfully and willfully have in his possession intoxicating liquors, to wit:  Eight barrels of beer and 42 gallons of whisky, the same being more than any man in Oklahoma should by right, law, and justice have, which were had and possessed by said defendant with the intention of him, the said Tom A. Killough, of violating section 3605 of the Revised Laws of Oklahoma, 1910."

The defendant, among other grounds, demurred to the information upon the ground "that the information herein is general, indefinite, uncertain, and insufficient to charge a public offense."

The court overruled the said demurrer, and the defendant excepted.

The information does not state that the eight barrels of beer and 42 gallons of whisky were possessed by defendant at one and the same time, and the time alleged in which the defendant is charged with violation of the law extending over 60 days leaves in doubt whether the defendant is charged with the possession of said intoxicating liquors on July 27, 1916, or possession of parts of said liquors on July 27, 1916, and of parts thereof on other days of said 60 days. An information must point out the offense charged so specifically that a judgment rendered thereon may be pleaded in bar of another action for the same offense, and this the information does not do. In *Price v. State,* 9 Okla. Cr. 359, 131 Pac. 1102, it is said:

"It is true that an indictment should be reasonably certain as to the offense charged in order that the defendant may not be surprised and may be able to prepare to make his defense, and also to enable him to plead a judgment of acquittal or conviction in bar to a subsequent prosecution for the same offense."

Section 20, art. 2, of the Constitution, provides: That accused "shall be informed of the nature and cause of the accusation against him."

Section 5739, Revised Laws 1910, provides:

"That the indictment or information must be direct and certain as it regards * * * the offense charged," and "the particular circumstances of the offense charged, when they are necessary to constitute a complete offense."

Section 5738 requires that an information must contain:

"A statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended."

"It is not a technical, but a sound, fundamental rule of criminal procedure that the accused must be apprised at the outset by the indictment or information with reasonable certainty of the nature and cause of the accusation against him." *Abrams v. State,* 13 Okla. Cr. 11, 161 Pac. 331.

We are of the opinion that the information in this case, when tested by the well-settled rules of law herein cited, is too indefinite and uncertain, does not specifically point out the offense with which it is intended to charge the defendant, and that the court committed reversible error in overruling the demurrer thereto.

As the errors pointed out must work a reversal of the judgment rendered, it is unnecessary to review any of the other errors assigned.

The judgment of the trial court is reversed, and cause remanded.

DOYLE, P. J., and MATSON, J., concur.