## D. D. DAVIDSON v. STATE.

No. A-3589.   Opinion Filed Jan. 7, 1922.
(209 Pac. 779.)

(Syllabus.)

1.   **Indictment and Information—Indefiniteness—Lewdness.   An in-**
formation charging the accused of lewd conduct on a public high-
way in Caddo county held not sufficiently definite, under the
circumstances in this case, to enable the defendant to properly
prepare his defense.

2.   **Appeal and Error—Prejudicial Error—Admission of Evidence of**
**Other Offenses.** Where, on the trial of one charged with lewd
conduct, the court permitted the introduction of testimony tend-
ing to show that the defendant may have been guilty of other
like offenses about that time, it was error, under the circum-
stances in this case.

a.   Under such circumstances no one could say whether all the
jurors concurred in the guilt of the defendant as to the particular
offense charged.

Appeal from County Court, Caddo County; W. H. Stark-
wether, Judge.

D. D. Davidson was convicted of the crime of lewd and in-
decent exposure of his person and sentenced to imprisonment
in the county jail for 60 days, and to pay a fine of $500, and
he appeals.   Reversed and remanded.

C. H. Carswell, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty.
Gen., for the State.

BESSEY, J.   The plaintiff in error, herein referred to as
the defendant, at the time of the offense charged was a man of
the age of 70 years, residing with his wife and children in Cad-
do county, about seven miles from Carnegie.   The record shows
that he had hitherto been a man of good character, who had
in previous years been county clerk and county superintend-
ent of schools in adjoining counties.

The defendant testified that he was affected with prostitis, and that he went into the park, as he supposed and intended, to a secluded spot, to relieve himself.

The evidence on the part of the state is to the effect that a number of school children attending school in Carnegie, on their way home from school on several occasions in March, 1918, saw the defendant in a park adjacent to the public highway remove some of his clothing, lewdly exposing his person to the children passing along the highway. The exact date and place was indefinitely fixed. Without objections on the part of the defendant the witness testified to several alleged indecent exposures in this park. The charging part of the information was that—

The defendant "did then and there (on the 22d day of March, 1918) intentionally, willfully, and unlawfully and lewdly expose his person and private parts in a public place, to wit, on the public highway, before a great number of female school children."

The sufficiency of this information was challenged by a demurrer to the information, on the ground that it was indefinite and incomplete, and designated no particular place where the offense was said to have been committed. The demurrer was overruled, and an exception taken and allowed. The defendant for the same reason, objected to the introduction of testimony in support of the indefinite charge, which objection was likewise overruled.

Section 20 of the Bill of Rights of our Constitution provides that an accused person "shall be informed of the nature and cause of the accusation against him." Section 5738, R. L. 1910, provides that an information should contain "a statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." There may

have been, and probably were, as many as 100 miles of public highways in Caddo county. We think, in fairness to the defendant, in order that he might prepare to meet the accusation, that he should have been informed definitely or approximately where or upon what highway the offense charged was said to have been committed. There is another reason why the place should be stated with some particularity in an action of this character. The record discloses, in an indefinite way, that the defendant was accused of other like offenses, all said to have taken place in the park. The defendant had a constitutional right to be tried for but one specific offense at this trial, and the accusation should have been sufficiently definite to enable him to plead former jeopardy in the event a like accusation should be subsequently lodged against him. Irvin v. State, 15 Okla. Cr. 260, 176 Pac. 83; Price v. State, 9 Okla. Cr. 359, 131 Pac. 1102.

Furthermore, the defendant had a right to the concurrence of at least five jurors in any verdict rendered in this case. Under the evidence here one or more jurors may have believed him guilty of one offense and innocent of the others. Other jurors may have believed the defendant guilty of still another offense. Under such a state of the testimony, this court cannot say whether there was a concurrent verdict on the offense charged. True, there were no objections interposed to the testiony tending to show other offenses about that time, but we think the error fundamental under the circumstances. There was indefinite testimony to the effect that several offenses were committed; who, then, can tell on which offense the verdict was in fact based? Persons accused of an offense should not be convicted on general accusations; the evidence should be confined to the specific crime charged.

The evidence of the other alleged offenses did not tend to explain any motive of the defendant, nor to show that the of-

fense was a part of a system, or otherwise explain or elucidate the crime charged, so as to come within the general rule under which evidence of other alleged crimes can be introduced. Miller v. State, 9 Okla. Cr. 255, 131 Pac. 717, L. R. A. 1915A, 1088; Littrell v. State, 21 Okla. Cr.—, 208 Pac. 1048, 209 Pac. 184.

For the reasons stated, the case is reversed and remanded.

DOYLE, P. J., and MATSON, J., concur.