## N. W. RICKER v. STATE.

No. A-5952. Opinion Filed Jan. 21, 1928.
(263 Pac. 160.)

Perry J. Morris and O. L. Aley, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J. The information in this case charges that, on the 8th day of October, 1924, N. W. Ricker "did sell to one B. E. Slagle one pint of whisky." On the trial the jury returned a verdict finding him guilty, leaving the punishment to be fixed by the court. Motion for new trial was duly filed and overruled. On August 15, 1925, the court sentenced appellant to imprisonment in the county jail for 30 days, and to pay a fine of $100. To reverse the judgment he appeals.

The errors assigned question the sufficiency of the evidence to sustain the verdict, and rulings of the court in admitting incompetent evidence.

The only evidence in this case against appellant was the uncorroborated testimony of one B. E. Slagle, who testified that he was employed as a detective and undercover man to secure evidence against certain persons for violations of the liquor laws, whose names had been furnished to him. He testified that he bought a pint of whisky from appellant behind the corner drug store in Shattuck, that it was in a brown beer bottle, and he paid him $2 for it.

On cross-examination, Slagle admitted drinking whisky, shooting craps, and playing poker, while he was staying at the hotel in Shattuck.

Mae Bacon Henley testified that she was county clerk, and produced the official bond of the defendant, N. W. Ricker, showing that he was the duly elected and qualified constable in and for district No. 4, Ellis county.

As a witness in his own behalf, the defendant testified that he was a resident of the town of Shattuck since 1908, was a stock raiser, engaged in real estate and insurance; that the prosecuting witness spoke to him in front of his office, and asked him if this was Mr. Ricker, and said that he was on a deal for the Earl Hotel, that he had a quarter section of land west of Oklahoma City, that he wanted to trade, and said that his name was Smith; that he met him

the next day, and the next day after this at one time Smith pulled out an insurance application of the Western Georgia, and asked him if anybody here was writing that insurance, and then said, "I am dying for a drink this morning. I thought maybe you would know where I can rustle some," and he answered, "Mr. Smith, no doubt there is some in the country, but I would not know where to find it"; that he never had a conversation with him after that; that he did not take a fruit jar of liquor to the Earl Hotel to a room where Slagle was present and sell it to a guest at the hotel; that he was the duly qualified constable of that district, and never sold a drop of whisky in his life. .

J. T. Breen testified that he lived at Shattuck 17 years, and was engaged in buying and shipping cattle, saw the prosecuting witness who was going under the name of Smith at the time at the hotel; that he took him up to his room, and said that he was trading for the hotel, and there produced a bottle of whisky, and they took ten or twelve drinks, and witness decided there would not be any real estate deal, and left the room.

An examination of the record leads to the conclusion that the conviction should be reversed without regard to the merits.

The transcript of the testimony discloses that, against the defendant's objections, the witness Slagle testified as follows:

"Q. Now, did you at any time prior to the time you testified about making this purchase from Mr. Ricker see him make a sale to any other person? A. I did; yes, sir. (Objection overruled. Exception allowed.)

"Q. All right, you may go ahead and state where this took place, and just what took place."

His answer, covering more than a page of the transcript, was in substance that, at the hotel in Shattuck, the defendant sold a quart of whisky to a man whose name was Husser or Howser.

The general rule is that, when a defendant is put upon trial for one offense, he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone, and evidence which in any manner shows, or tends to show, that he has committed another crime, wholly independent of that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible. Miller v. State, 13 Okla. Cr. 176, 163 P. 131, L. R. A. 1917D, 383; Koontz v. State, 10 Okla. Cr. 553, 139 P. 842, Ann. Cas. 1916A, 689.

It goes without saying that this court will take notice of the fact that the prosecuting witness, B. E. Slagle, has heretofore been successfully impeached and discredited as a witness, as shown by numerous decisions of this court.

For the reasons stated, the judgment of the lower court is reversed.

EDWARDS and DAVENPORT, JJ., concur.