## JIM PERDUE v. STATE.

No. A-6721.   Opinion Filed April 18, 1928.
(266 Pac. 514.)

O. H. Whitt and J. B. Whitt, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Pittsburg county on a charge of arson in the first degree and was sentenced to serve a term of five years in the state penitentiary.

The record discloses that in the nighttime of the day charged a barn and private garage in the possession of John Jones was destroyed by fire.   An examination was made about the premises, and tracks leading from the mail box opposite the residence of Jones were followed into the field near by.   Also tracks at the scene of the burning were found leading down into the field, and there is testi-

mony that these tracks were closely examined, and that later a pair of shoes belonging to defendant were fitted into some of these tracks and that they appear to have been made by these shoes. Eunice Ashburn, a young woman about 18 years of age, and who is wholly unlearned and who is deformed as to shape of head and with a questionable mental condition, was suspected with having set the fire. It appears that several times about the time of the burning she was seen in the company of defendant. She was arrested and placed in jail, and after being so incarcerated for one day she told the officials that defendant had told her he burned the garage and the circumstances connected therewith. There was some evidence of ill feeling on the part of defendant toward John Jones on account of an insult or fancied insult by Jones to defendant's wife. The defense is an alibi, and such defense is supported by several witnesses most of whom are related to defendant. Defendant denied any connection or knowledge of the burning of the property charged. He also offered evidence of previous good reputation, testified to by a number of high-class citizens of the county.

It is first contended that sufficient appears in the evidence to indicate the witness Eunice Ashburn may have been guilty of the offense with which defendant is charged, and that this condition of the record required an instruction upon whether or not she was an accomplice, and that in the event the jury so found a conviction could not be had on her testimony. The evidence does suggest that the witness Eunice Ashburn might have set the fire upon which the charge is predicated, but there is no evidence on the part of the state that she was an accomplice of defendant. The theory of defendant is that he had no connection whatever with the offense and on his theory Eunice Ashburn could not have been an accomplice. The court properly did not instruct on the law applicable to an accomplice. Shields v. State, 32 Okla. Cr. 344, 240 P. 661.

It is also argued that the evidence is insufficient to

sustain the judgment. The evidence is not overwhelming and would be entirely insufficient except for the testimony of Eunice Ashburn, and while, as we have said, this witness appears to be abnormal both physically and probably mentally, yet it is not contended that she is not so mentally deficient as to render her incompetent as a witness. The jury saw and heard this witness; it was particularly within their province to weigh her testimony and determine what weight and credibility should be given it.

Complaint is next made that the court permitted evidence of other offenses wholly unrelated and unconnected with the offense charged to be submitted to the jury. In the course of the trial evidence was admitted over defendant's objection of some four or five other fires of apparent incendiary origin in the neighborhood within a short period of time prior to the offense charged. We do not know the theory of the state in offering this testimony. There is no evidence that defendant had any connection with any of these fires, though some of the questions indicate he may have been charged with crime by reason of some of them. These other fires are unrelated to the offense charged, and evidence concerning them does not tend to throw any light on the fire in question or disclose that defendant had any motive for causing any of them or that they show system or plan. They are not limited by any instruction of the court, and the admission of this testimony must have created an inference in the minds of the jury that defendant was connected with them. It is settled by many decisions of this court that in the trial of an accused charged with crime the general rule is that proof of the commission of other crimes is inadmissible unless such proof falls within some of the well-recognized exceptions, as for instance where such evidence is relevant to the question of his guilt for the offense with which he is charged, or where the other offense forms part of the res gestæ or sheds light upon the question of guilt in the case on trial, or which tends to prove malice, motive, or

scheme of criminal action. In a case where the guilt of an accused is conclusively proven it might be that evidence of this nature would not be sufficiently prejudicial to require a reversal. But upon a consideration of the entire record here, the admission of this evidence is prejudicially erroneous and requires a reversal.

The case is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.