## CHESTER CLINE v. STATE.

No. A-6361.   Opinion Filed Dec. 15, 1928.
(272 Pac. 487.)

T. J. Sargent and I. D. Ross, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Kay county on a charge of adultery, and was sentenced to serve 1½ years in the state penitentiary.

The evidence is that defendant committed adultery with Lizzie Bradshaw, the wife of Albert Bradshaw, who commenced and carried on the prosecution. There is some

argument made that the evidence of the state is so sharply contradicted that this court should hold it to be insufficient; but where there is sufficient testimony, as in this case, to sustain the verdict, the weight and credibility of the evidence being within the province of the jury, in the absence of unusual circumstances, this court will not disturb the findings of the jury.

The contention is made that the court erred in overruling the defendant's demurrer to the information. The information alleges that the offense was committed "about the month of April, 1924." It is argued that this is not sufficiently definite, but that the specific date should be charged. The proof of the particular act relied upon is that it occurred the latter part of April or first part of May, 1924. It has been many times held by this court that, unless time is a material ingredient of the offense, it is not essential that the precise time be alleged, and if alleged a variance between the proof and the allegation is not material so long as the offense is within the period within which the prosecution may be instituted. Star v. State, 9 Okla. Cr. 210, 131 P. 542; Castleberry v. State, 10 Okla. Cr. 504, 139 P. 132; Irvin v. State, 15 Okla. Cr. 260, 176 P. 83; Ealum v. State, 32 Okla. Cr. 197, 239 P. 933.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.