## JUG DRAKE v. STATE.

No. A-9700. April 11, 1940.
(101 P. 2d 651.)

Durward F. Mathis, of Frederick, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Haskell A. Holloman, Co. Atty., of Frederick, for the State.

BAREFOOT, J. The defendant, Jug Drake, was charged in the district court of Tillman county with the crime of selling intoxicating liquor, and as a second offender; was tried, convicted and sentenced to serve a term of one year in the penitentiary, and pay a fine of $100, and has appealed.

The first assignment of error is: The error of the trial court in overruling the demurrer to the information.

The information, after alleging the prior offense, stated: "* * * on or about the 24th day of February, 1939, * * * the said Jug Drake * * * did then and there knowingly, willfully, unlawfully and feloniously sell certain intoxicating liquor to wit: one-half gallon of whisky to one Buddy Lynch." It is contended that the information is insufficient in that it does not allege the exact time and place of the sale of the whisky or the details of the transaction. To support this contention counsel for defendant relies upon the cases of Abrams v. State, 13 Okla. Cr. 11, 161 P. 331; Killough v. State, 16 Okla. Cr. 317, 183 P. 430. A careful reading of these cases will reveal a different state of facts than are here presented. The first case does not involve a violation of the prohibition laws. Cases which are more nearly in point with the issue here involved, and which sustain the allegations of the information in this case, are: Star v. State, 9 Okla. Cr. 210, 131 P. 542; Castleberry v. State, 10 Okla. Cr. 504, 139 P. 132; Irvin v. State, 15 Okla. Cr. 260, 176 P. 83; Ealum v. State, 32 Okla. Cr. 197, 239 P. 933; State v. Zanger, 9 Okla. Cr. 122, 130 P. 1107; Antonelli v. State, 3 Okla. Cr. 580, 107 P. 951; Gravitt v. State, 44 Okla. Cr. 45, 279 P. 968; Pruitt v. State, 44 Okla. Cr. 81, 279 P. 971. From a reading of the above cases, it will be seen that under the holdings of this court the allegations of the information were sufficient and the court did not err in overruling the demurrer thereto.

It is next urged that the evidence was insufficient, and the court erred in overruling the motion of defendant for a directed verdict.

The evidence revealed that Leroy Lynch, whose nickname was "Buddy" Lynch, was seen driving on the highway near Frederick by the county attorney of Tillman county. He turned his car around and stopped upon the highway, and in a few minutes defendant, who was well known to the county attorney, was seen driving a car at a high rate of speed toward where the car of Buddy Lynch was parked. He had another party in the car with him. They were followed by the county attorney, who saw them drive up opposite the parked car and the party who was in the car with defendant handed Buddy Lynch a package, and Buddy Lynch handed him something in return. The car of defendant quickly drove away, but the car of Buddy Lynch was overtaken by the county attorney, who being refused permission to search the car, got in the same and drove with the said Buddy Lynch into the city of Frederick, where he procured a search warrant and the sheriff found a one-half gallon jar of whisky on the seat of the automobile. Defendant was charged with the sale of whisky to Buddy Lynch, and Buddy Lynch testified as a witness for the state at the time of the trial.

He testified he knew the defendant, Jug Drake, and that on the 24th day of February, 1939, he drove out to a filling station in the west edge of Frederick; that he inquired for defendant, whom he knew; that he told them he wanted to get some liquor; that defendant was not present when he first got there, but soon drove up, and he asked him about getting some liquor, and defendant asked him "to come out on 14, by the old dump grounds"; that he went out there and stopped his car and defendant came out in a car and had another party with him, and defendant drove up by his car and the other party handed him a package containing a half gallon of whisky

and he gave him $2 in money; that defendant immediately drove away, and the county attorney of Tillman county drove up and arrested him as above stated.

The defendant did not take the witness stand, and did not offer any evidence. Under these facts it cannot be held that the evidence was insufficient to sustain the verdict. The court properly instructed the jury, and they found defendant guilty. The contention that there was no evidence that the package in the car contained whisky and that the evidence merely created a suspicion, cannot be upheld. The one-half gallon of whisky was offered in evidence, and the evidence was sufficient to justify the jury in finding that defendant sold the same to Buddy Lynch. The contention that the whisky was sold to Leroy Lynch and not Buddy Lynch, as alleged in the information, is answered by the fact that he testified his name was Leroy Lynch, but that he was known as "Bud" and "Buddy" Lynch, also.

The verdict of the jury finding defendant guilty was returned on the 14th day of March, 1939. A motion for new trial was filed on the 17th day of March, 1939. The motion for new trial was overruled on the 25th day of March, and defendant was sentenced on that date. It is contended that under the provisions of section 2632, Okla. Stats. 1931, 37 Okla. St. Ann. § 12, which is as follows: "For the second and all subsequent convictions for the violation of any of the provisions of this act, the penalty shall be a fine of not less than fifty ($50.00) dollars, nor more than two thousand ($2,000.00) dollars, and by imprisonment of not less than thirty (30) days in the county jail, nor more than five (5) years in the state penitentiary, and it shall be mandatory upon the trial judge in cases where anyone has been convicted under any provision of this act, to pronounce sentence within ten days

from the date of conviction." That the sentence must be pronounced within ten days from the verdict of the jury finding defendant guilty, and inasmuch as he was not sentenced until the 25th day of March, 1939, it was eleven days after the rendition of the verdict, that the judgment and sentence was illegal, and that defendant should, therefore, be discharged. In the first place defendant admits in his brief that the delay and sentence from the 24th day of March to the 25th was caused by reason of the fact that the defendant could not be found by his attorney, and the court continued the date of sentence until the next morning at his request. Under this state of facts defendant waived any right which he might have had by not being sentenced within the ten days. Regardless of this fact, we do not think it was the intention of the Legislature to say that a judgment would be void where the defendant was not sentenced within the ten-day limit. It is well known that many times it is impossible to pass upon the motion for new trial within the ten-day period, and under these circumstances it would be impossible to pass sentence within the ten-day limit. The defendant could in no way be prejudiced by reason of this delay, and as above stated waived any right which he might have had thereunder by reason of his failure to appear before the court on the 24th day of March, at the time the motion was set for hearing.

Finding no error in the record, we are of the opinion that the judgment and sentence of the district court of Tillman county should be affirmed.

DOYLE, P. J., and JONES, J., concur.