SAUL BUNN v. STATE.

No. A-10725.   Sept. 3, 1947.
(184 P. 2d 621.)

Morton Perry, Bruce & Rowan, and Robert O. Swimmer, all of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant, Saul Bunn, was charged by information filed in the district court of Oklahoma county with the crime of indecent exposure, was tried to

a jury who returned a verdict of guilty, but left the punishment to be assessed to the discretion of the trial court. The defendant was thereupon sentenced to serve a term of five years imprisonment in the State Penitentiary and has appealed.

The principal assignment of error presented by counsel for defendant is their contention that the court erred in admitting in evidence over objections of the defendant other alleged acts of indecent exposure committed by defendant at times and places other than that alleged in the information.

The information charged the defendant with committing the crime of indecent exposure on June 25, 1945, on the front porch of the building occupied by the State Health Department, at 3400 North Eastern Avenue in Oklahoma City. During the trial of the case, the state was allowed to introduce evidence over objection of defendant's counsel by the testimony of parties other than the prosecuting witness which allegedly showed that the defendant committed the crime of indecent exposure at the railway shelter just east of the State Capitol building about June 19, 1945, and in the early part of May, 1945.

On behalf of defendant, the proof showed that defendant stopped at the building occupied by State Health Department on his way to the county for the purpose of using the men's toilet, and that if he exposed himself in any way, it was not with intention of being seen by anyone. He denied ever being at the other places where it is alleged he illegally exposed himself on occasions other than the one alleged in the information. In support of his defense against the other alleged offenses, he introduced in evidence records from Armour & Company, in Oklahoma City, to show that on the date and hour testified to

by the witnesses for the state, he was working at the Armour Plant several miles from the place where he allegedly exposed himself. Several witnesses testified on behalf of defendant to his good reputation in the community where he resided as a law-abiding citizen and a person of good moral character.

In Michelin v. State, 66 Okla. Cr. 241, 90 P. 2d 1081, the law relative to the admission of other crimes is stated in the first syllabus as follows:

"The general rule is, evidence of other offenses, though of the same nature, is not admissible for the purpose of showing that the defendant is guilty of the particular offense charged. To this general rule there are, however, well recognized exceptions, which are as well embedded in the law as the rule itself. Some of those exceptions as presented by the record in this case are:

"(a) Evidence of other offenses similar to that charged is relevant and admissible, when it tends to prove some element of the one charged, as where it shows or tends to show guilty knowledge or intent in the commission of the offense charged.

"(b) Evidence is not inadmissible when it tends directly to prove the defendant's guilt, though it may prove or tend to prove him guilty of another offense.

"(c) When the evidence is so closely linked that in the proof of one the other forms a part of the res gestae.

"(d) When the proof establishes a systematic scheme or plan embracing the commission of two or more offenses so related to each other that proof of one tends to establish the other, or to connect the defendant with the commission of the offense charged."

The case of Davidson v. State, 20 Okla. Cr. 368, 209 P. 779, is similar in many aspects to the instant case. The defendant Davidson was there charged with the indecent

exposure of his person. In the information, he was alleged to have exposed his private parts on the public highway to a great number of female school children on March 22, 1918. At the time of the trial, evidence was admitted as to several alleged indecent exposures at the same place at other times. In disposing of that question, it is held (second syllabus) :

"Where, on the trial of one charged with lewd conduct, the court permitted the introduction of testimony tending to show that the defendant may have been guilty of other like offenses about that time, it was error, under the circumstances in this case.

"a. Under such circumstances no one could say whether all the jurors concurred in the guilt of the defendant as to the particular offense charged."

In the body of the opinion it is stated :

"Furthermore, the defendant had a right to the concurrence of at least five jurors in any verdict rendered in this case. Under the evidence here one or more jurors may have believed him guilty of one offense and innocent of the others. Other jurors may have believed the defendant guilty of still another offense. Under such a state of the testimony, this court cannot say whether there was a concurrent verdict on the offense charged. True, there were no objections interposed to the testimony tending to show other offenses about that time, but we think the error fundamental under the circumstances. There was indefinite testimony to the effect that several offenses were committed; who, then, can tell on which offense the verdict was in fact based? Persons accused of an offense should not be convicted on general accusations; the evidence should be confined to the specific crime charged.

"The evidence of the other alleged offenses did not tend to explain any motive of the defendant, nor to show that the offense was a part of a system, or otherwise explain or elucidate the crime charged, so as to come with-

in the general rule under which evidence of other alleged crimes can be introduced. Miller v. State, 9 Okla. Cr. 255, 131 P. 717, L. R. A. 1915A, 1088; Littrell v. State [21 Okla. Cr. 466], 208 P. 1048, [Id., 22 Okla. Cr. 1] 209 P. 184."

In the case of Quinn v. State, 54 Okla. Cr. 179, 16 P. 2d 591, the defendant was charged with the crime of murder, allegedly committed on one Jessie Griffith at a certain place on the highway near Tonkawa. During the trial of the case, the court admitted the evidence of one Myrtle Patton, that about 30 days prior to the commission of the crime for which defendant was on trial, he stopped the car of said Myrtle Patton and compelled her to go with him and committed rape upon her at or near the place where the Griffith sisters were alleged to have been raped and killed. This court held the admission of this evidence was reversible error.

This syllabus of the case is as follows:

"Where defendant is on trial for a single offense, evidence of unrelated offenses is not admissible, unless relevant to the issue, and both are so closely linked and connected as to form a part to the res gestae, or tending to establish a systematic scheme or plan embracing the commission of two or more offenses so related to each other that proof of one tends to establish the other, or tending to show motive or intent."

In the case of Nemecek v. State, 72 Okla. Cr. 195, 114 P. 2d 492, 498, 135 A. L. R. 1149, it is stated:

"The general rule is that, when a defendant is put upon trial for one offense, he should be convicted, if at all, by evidence which shows that he is guilty of that offense alone; and evidence which in any manner shows, or tends to show, that he has committed another crime, wholly independent, even though it be a crime of the same

sort, is irrelevant and inadmissible. Miller v. State, 13 Okla. Cr. 176, 163 P. 131, L. R. A. 1917D, 383.

"As an exception to this general rule, evidence of other offenses recently committed, similar to that charged, is admissible when it tends to establish a common scheme or plan, embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, or when it shows or tends to show guilty knowledge or intent in the commission of the offense charged. State v. Rule, 11 Okla. Cr. 237, 144 P. 807; Boyer v. State, 68 Okla. Cr. 220, 97 P. 2d 779.

"In any prosecution, when the state offers to prove other alleged offenses for the purpose of showing a common scheme, plan or intent, the proof must clearly come within the exception to the general rule; and where they are distinct and unrelated offenses, or remote as to time, an objection by the defendant to this proof should be sustained. Perdue v. State, 40 Okla. Cr. 9, 266 P. 514; Ricker v. State, 39 Okla. Cr. 58, 263 P. 160; Stanfield v. State, 30 Okla. Cr. 82, 235 P. 256."

This court has often stated that where the evidence of other alleged offenses is offered by the state for the purpose of showing a common scheme, plan or unlawful intent, the proof must clearly bring such other alleged offenses within the exception to the general rule.

The language used by this court in the recent case of Byers v. State, 78 Okla. Cr. 267, 147 P. 2d 185, 188, is applicable to this case. It was there stated:

"The general rule is that in a prosecution for one crime it is not proper to admit testimony against the defendant tending to connect him with the commission of other offenses for the purpose of establishing the guilt of the offense charged. However, there is an exception to the general rule that such evidence is competent when it tends to establish a systematic scheme or plan so related to each other that the proof of one tends to establish the

other. Such instances often arise in cases of embezzlement, forgery and obtaining money under false pretenses. Boyer v. State, 68 Okla. Cr. 220, 97 P. 2d 779; Chappell v. State, 74 Okla. Cr. 213, 124 P. 2d 742.

There have been many instances of abuse of this exception to the general rule above noted. The abuse of this rule has caused the reversal of more cases on appeal to this court in recent years than that of any other one matter.

"We have said that in order for other offenses to be admissible against the accused to show a common scheme or plan or intent that they must not be remote as to time and there must be a visible connection between the crimes. Nemecek v. State, 72 Okla. Cr. 195, 114 P. 2d 492, 135 A. L. R. 1149; Pressley et al. v. State, 71 Okla. Cr. 436, 112 P. 2d 809; Landon v. State, 77 Okla. Cr. 190, 140 P. 2d 242; Herren v. State, 75 Okla. Cr. 251, 130 P. 2d 325.

"The fact that one person may commit similar crimes does not justify the admission of the other identical offenses if they are independent of each other. Where the trial court cannot clearly see a visible connection between the alleged other offenses to the one charged, he should refuse to admit the other offenses in evidence. If the trial court is uncertain as to the admissibility of such evidence, he should give the benefit of such doubt to the defendant as it is manifestly unfair to the accused to force him to prepare to defend himself against any collateral crime other than the one charged against him in the information. Juries are too prone, when such other offenses are admitted in evidence, to find an accused guilty of the crime charged merely because he might have committed some other offense."

In Landon v. State, 77 Okla. Cr. 190, 140 P. 2d 242, the defendant was charged with the crime of rape committed against his daughter. The case was reversed because of the admission in evidence of alleged acts of sex-

ual intercourse committed with another daughter at about the same time as the act alleged in the information.

It takes a strained construction of the law to find some theory which would make the other alleged offenses admissible in evidence against the defendant. When objection was first made to the admission of these other alleged offenses, the objection was sustained, but after some argument the court withdrew its ruling and allowed the evidence of such other alleged offenses to be admitted. The trial court's first impression of the law was correct. The benefit of the doubt as to whether such other alleged offenses were admissible should have been given to the defendant in accordance with the rule announced in the above cases.

Because of the error in admitting the evidence of other alleged offenses than the one charged against the defendant in the information, the judgment and sentence of the district court of Oklahoma county is vacated, the conviction is reversed and the cause is remanded with instructions to grant the defendant a new trial.

BAREFOOT, P. J., and BRETT, J., concur.