## GREGG v. STATE.

No. A-11819. Sept. 2, 1953.

(260 P. 2d 867.)

Raymond A. Trapp, Blackwell, Joe Hayward, Ponca City. for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. The defendant George Gregg was charged by an information filed in the county court of Kay county with the unlawful sale of one pint of whiskey; was tried, found guilty by verdict of the jury, who left the punishment to be fixed by the court. Thereafter, the defendant was given the maximum sentence of six months imprisonment in the county jail and a fine of $500, and has appealed.

Two propositions are presented by the defendant. One, the county attorney was guilty of prejudicial misconduct in persistently asking incompetent questions in the presence of the jury. Two, the punishment was excessive.

Only one witness testified for the state and one for the defendant. Chester Stringer, an investigator for the Department of Public Safety, testified that about 11:30 p.m. on March 12, 1952, he went into a cafe owned and operated by the defendant in Ponca City, and bought a pint of Cascade whiskey from the defendant for the purchase price of $4.

Maudie Butler testified for the defendant that she was employed at the cafe by the defendant and was present on March 12, 1952, when the witness Stringer came into the cafe and asked the defendant for some whiskey. That the defendant said. "I have quit, I am not in the business any more." That no whiskey was sold to Stringer.

Proposition number one is directed at questions asked the witness Butler on cross-examination. One of the questions asked was as follows: "You knew that during the time you worked for him that he was in the liquor business, didn't you?" An objection to the question was sustained and the court admonished the jury at length not to consider such question as evidence and stated it was improper for the county attorney to ask such question. The other questions set forth in the brief of the defendant were as follows:

"Q. At the time that Mr. Stringer was there did George Gregg have a quantity of liquor for sale? A. No, sir, not to my knowledge. Q. Did you know that he did not have it or do you know that he did have it, or you just don't know? A. I do not know. Q. Well, he could have had at that time, isn't that correct? A. I am employed in the cafe only. Q. Well then, you don't know about the liquor part of the business? Q. Did he have liquor? By Mr. Hayward: Objection. By the Court: Sustained. Gentlemen of the Jury, pay no attention to that last question. Let the record show that the Court admonished the Jury not to consider, or hold against the defendant the last question asked by the County Attorney to which the Defense objects."

This court has often condemned the practice of asking incompetent questions for the purpose of insinuating facts which cannot be proved. However, we do not wholly agree with the assertions of counsel for defendant that the questions asked were without doubt incompetent. Counsel himself evidently did not think

some of the questions were incompetent because no objection was interposed to them. On those questions to which objection was interposed the court gave the benefit of the doubt to the defendant and sustained his objection and admonished the jury not to consider the question that was asked for any purpose. However, the witness Butler, on direct examination, testified that she was present and heard the conversation of the witness Stringer and the defendant at the time Stringer purportedly purchased the whiskey from defendant. She testified that Gregg told the witness, "I have quit, I am not in the whiskey business any more." With such testimony on direct examination, the county attorney had a legal right to interrogate the witness on the matter which she injected into the trial concerning his statement that he had quit the whiskey business. Ordinarily, a question of a witness as to knowledge of the prior liquor business of the defendant in a whiskey case would be incompetent. Ricker v. State, 39 Okla. Cr. 58, 263 P. 160; Todd v. State, 30 Okla. Cr. 410, 236 P. 437. However, the defendant, by offering evidence in chief which he thinks is material to the defense, may not object to a cross-examination of the witness on such matter which he injects into the case. And although the court sustained an objection interposed by counsel as to certain questions asked the witness Butler, it is not altogether clear that the court's ruling was proper. These questions were not so clearly incompetent that we can say they were asked in bad faith. We conclude that defendant was not prejudiced where the court sustained the objection and clearly admonished the jury that such question was improper and that it could not and should not be considered by them against the defendant.

We do not believe the record would justify the imposition of the maximum sentence. At the time of the hearing on the motion for new trial and the pronouncement of the sentence against the accused, the county attorney introduced certain exhibits, purported to be records from the court clerk's office, showing four convictions in liquor cases against a person by the name of George Gregg, dating back to 1926. No attempt was made to identify the person or persons who sustained the convictions as being the one convicted in the instant case. This court has stated that under the statute, 22 O. S. 1951 § 973, he trial court upon the suggestion of either party that there are circumstances which may be properly taken into view, either in aggravation or mitigation of the punishment, may hear the same upon such notice to the adverse party as it may direct. Herren v. State, 74 Okla. Cr. 432, 127 P. 2d 384. It is our conclusion, after considering this case from every angle, that the ends of justice will be met by modifying the sentence which was imposed to 90 days in the county jail and a fine of $300.

It is therefore ordered that the judgment and sentence of the county court of Kay county is modified by reducing the judgment and sentence from six months in the county jail and a fine of $500, to 90 days in the county jail and a fine of $300, and the judgment and sentence as thus modified is affirmed.

POWELL, P. J., and BRETT, J., concur.