Freddie O'NEAL, Plaintiff In Error,

v.

The STATE of Oklahoma, Defendant In Error.

No. A–12220.

Criminal Court of Appeals of Oklahoma.

Nov. 30, 1955.

Warren H. Crane, Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error, Freddie O'Neal, defendant below, was charged by information in the Superior Court of Comanche County, Oklahoma, with the crime of robbery by force and fear, 21 O.S.1951, § 791, allegedly committed in Lawton, in the aforesaid County and State, on August 31, 1954. The information alleged that the defendant, acting conjointly with two other persons, did strike, beat, and assault, Rudolph Prohaska, with a baseball bat, thereby overcoming his resistance and taking from his person the sum of $35. The defendant was tried by a jury, convicted, his punishment set at 5 years in the State Penitentiary; judgment and sentence was entered accordingly, from which this appeal has been perfected.

Severance was granted the defendant, O'Neal, who was separately tried.

There is but one question raised in this appeal; that the trial court committed error in admitting evidence of other alleged crimes, for which the defendant had not been convicted. Briefly, the facts were that Rudolph Prohaska, a soldier stationed at Fort Sill, had occasion to go to Lawton in his automobile on August 31, 1954. He testified he was driving through Lawton and noticed that he was being followed. His attempt to evade pursuit took him over on the east side of Lawton, where the car passed him and pulled up in front of him at an angle. Two men came to the right side of the car and were walking towards his car; one on each side of the car. When he turned his head to talk to one of them, the other hit him on the head and rendered him unconscious. He further testified that that day he had been paid and had about $30 in his wallet. When he regained consciousness, he discovered it was gone. He testified further that the men, who assaulted and robbed him, were driving what appeared to be a 1954 Ford; it looked like to him, a Victoria. He stated, however, that he could not identify the defendant, as one of the men in the Ford car, at the time of the robbery.

Principal witness for the State was Joseph O. Roque, a C.I.D. Agent in the Army at Fort Sill, who testified that he investigated the robbery of Prohaska. He identified the defendant in the court room as one whom he interrogated on October 3, 1954, in the Sheriff's Office. He related that the defendant admitted to him he participated in the robbery of Prohaska, as alleged in the information. He further testified that Prohaska admitted he had been involved in two other similar offenses, in which they struck their victims with a sawed off baseball bat; one on or about September 3, or 4, 1954, and another which was allegedly committed on or about September 7, 1954. It is not necessary to relate the details of the latter two crimes.

The defendant denied that he had participated in the robbery, but admitted that his automobile, a Victoria Ford, had been loaned to the other two men charged. He contended that on the night of August 31, 1954, he was employed, and working, at the Southern Club, in Lawton. In this he was corroborated by Mrs. Ludwig, employer of the defendant, who testified that her books reflected he worked on that night. The books were offered in evidence. The record discloses that if he did work on that night, he worked considerably after midnight; the crime herein complained of was committed around nine o'clock, P.M.

The complaint of error is predicated upon the admission of the testimony of Agent Roque in regard to the crimes allegedly confessed to have been committed on September 3, or 4, and 7, of 1954. It does not appear that there is any visible connection between the offense allegedly committed on August 31, and the two other crimes of September 3, or 4, and September 7.

It has been held that where the trial court cannot clearly see a visible connection between the other alleged offenses to

the one charged, or when they are remote as to time, he should refuse to admit the other offenses in evidence. Moreover, if the trial court is uncertain as to the admissibility of such evidence, he should give the benefit of such doubt to the defendant, as it is manifestly unfair to the accused to force him to prepare to defend himself against any crime other than the one charged against him in the information. Bunn v. State, 85 Okl.Cr. 14, 184 P.2d 621. Furthermore, in the Bunn case, it was said the fact that one person may commit similar crimes, does not justify the admission of the other identical offenses, if they are independent of each other. The reason given being that juries are too prone, when such other offenses are admitted in evidence, to find an accused guilty of the crime charged merely because he might have committed some other offense. In light of what the foregoing record discloses, it is altogether possible, that is precisely what occurred in this case. This conclusion may be borne out by the fact that Mrs. Ludwig, the employer at the Southern Club, testified that her books reflected the defendant worked, and was paid for his services at the Club, on the night in question. If he did work, as reflected by the books, it is improbable that he was involved in the crime of August 31, 1954. The effect of the testimony as to the crimes of September 3, or 4, and 7, is that, they may have formed the basis of the conviction herein obtained.

The State relies in part upon the case of Johnson v. State, 70 Okl.Cr. 270, 106 P.2d 149, wherein it appeared that there were two robberies committed the same night, by the same parties; one of them occurred in Tulsa, about 11:30, and about an hour later, just about two miles out of Broken Arrow, a second robbery was committed by the same parties; hence it was held therein that the evidence disclosed the two offenses were so connected as to form a part of an entire transaction. Such cannot be the case at bar since several days elapsed between the commission of the three crimes. We are aware of the fact that in Thacker v. State, 55 Okl.Cr. 161, 26 P.2d 770, relied on by the State, involving the commission of certain abortions, that there is some similarity in principle between it and the case at bar. In the Thacker case it was pointed out the court did not predicate its affirmation upon the State's contention that the evidence was admissible to show unlawful intent, or to explain a particular course of action, but stated that such evidence was inadmissible, but when the facts and circumstances disclosed by the record, were considered in detail, the court held that admission of the testimony was not such error as would warrant the court in reversing the case. This court has held in numerous cases, that such evidence constitutes reversible error. In Miller v. State, 13 Okl.Cr. 176, 163 P. 131, L.R.A.1917D, 383, where two distinct robberies were commmitted, it was held that evidence of another separate and distinct robbery, committed the preceding night, by defendant upon another person, in the same neighborhood, in much the same way, is not admissible in evidence against one who is being tried for robbing a pedestrian on the street in a city by pointing a pistol at him, for such is not an exception to the rule permitting such evidence. Therein, is an extended statement of the rule against the admissibility of evidence of other crimes, together with the exceptions to the rule, with quotations from Bishop, Horton, Underhill, and other authorities. See also Davidson v. State, 20 Okl.Cr. 368, 209 P. 779, wherein it was said that it would be more difficult, under the conditions therein involved, to determine of which crime the defendant was actually found to be guilty. Such is the situation in the case at bar.

The judgment and sentence is therefore reversed and remanded, for new trial.

JONES, P. J., and POWELL, J., concur.