**Art CHAPMAN, a/k/a Ardist Chapman, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error, (two cases).**

**Nos. A–14734, A–14735.**

Court of Criminal Appeals of Oklahoma.

July 8, 1970.

Rehearing Denied Oct. 2, 1970.

Red Ivy, Chickasha, Justus Hefley, Anadarko, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Joseph H. Humphrey, Dist. Atty., P. C. Largent, Jr., Asst. Dist. Atty., for defendant in error.

## CONSOLIDATED MEMORANDUM OPINION

BRETT, Presiding Judge.

Plaintiff in Error, Art Chapman, a/k/a Ardist Chapman, hereafter referred to as defendant, was tried and convicted in the County Court of Caddo County with the offense of "Possession of Alcoholic Beverages With Intent to Sell Without a License." On December 4, 1967, the jury returned a verdict finding defendant guilty

and assessed his punishment at sixty (60) days confinement in the county jail and a fine of $750.00 and court costs under Title 37 O.S. 1961, § 538 from that judgment and sentence the appeal has been lodged in this Court.

Defendant's appeal in that case is related to another appeal from the same county court for another conviction for the offense of the "Sale of Alcoholic Beverage Without a License," appeal number A–14,735. Defendant's punishment was assessed for the sale without a license at thirty (30) days confinement in the county jail and a fine of $500.00 and court costs, under the same statute, supra.

Therefore, this opinion combines both appeals for the purpose of rendering a decision on both convictions appealed from the County Court of Caddo County, Oklahoma, to this Court.

The facts briefly stated reveal that the Chief of Police of Anadarko, Oklahoma, Mr. Milton Harrison, provided money for one Norman Spence to purchase a half-pint bottle of Fleischmanns Kentucky Bourbon Whiskey from the defendant. The money was sufficiently identifiable by a recording of serial numbers on the two one-dollar bills, and the respective markings on the two quarters for the total sum of two-dollars and fifty cents required to make the purchase of the whiskey. After Spence purchased the whiskey, a search warrant was obtained from the Justice of the Peace to search the quarters of defendant. The search revealed that defendant had four bottles (each bottle consisted of ⅕th quart contents) of Italian Swiss Colony California Port Wine, and six half-pint bottles of Fleischmanns Kentucky Straight Bourbon Whiskey. Defendant was arrested and taken to jail. When he was searched and the contents of his person were being placed in an envelope, the two one-dollar bills and the two quarters that Norman Spence had given him for his purchase of one half-pint of whiskey were found.

Defendant was given separate trials on each of the two charges, and two separate juries found him guilty and assessed his punishment in each case. In both trials defendant asserted that he had been subjected to an illegal search and seizure, but in neither trial was the affidavit for search warrant, or the search warrant itself introduced into evidence. When the defendant contests the legality of a search conducted under the authority of a search warrant, by filing a motion to suppress the evidence, the burden is upon the defendant to prove the invalidity of the search warrant. In order to make that proof it is necessary that the affidavit and the warrant should be introduced into evidence to support the motion to suppress. When that is not done, and neither document is contained in the record, this Court will presume the search was legal for the simple reason there is nothing for the Court to review. In neither of defendant's trials was the motion to suppress properly supported.

Likewise, in the trial pertaining to defendant's illegal sale of whiskey without a license, his asserted error that the motion for mistrial should have been granted, set out as his second proposition in that appeal, is without merit. When on cross-examination of the Chief of Police defense counsel inquired, concerning the money used to purchase the whiskey, "At the time you took it (the money) off of him you didn't have a warrant for his arrest did you?" to which the Chief of Police answered, "No sir, I didn't have no warrant for his arrest." This line of inquiry invited any error which might have been the predicate for a mis-trial. The prosecutor was left no alternative but to set the record straight on re-direct examination, concerning the situation wherein the money was recovered. Thus, the fact became revealed that the money was on defendant's possession when he emptied his pockets at the jail as he was "booked-in" at the jail on the charge of

**950**

"Possession of Illegal Whiskey." See: Gregg v. State, 97 Okl.Cr. 194, 260 P.2d 867. Therefore both propositions offered by defendant concerning his conviction for the crime of "Sale of Alcoholic Beverage without License" are denied in his appeal No. A–14,375.

■ Likewise, in defendant's appeal from the conviction for "Possession of Alcoholic Beverage With Intent to Sell Without a License," No. A–14,734, the three propositions offered to wit: alleged unlawful search and seizure; and, a search warrant allegedly issued on an affidavit based purely on information and belief, created by hearsay statements, and allegedly not based on anything within the personal knowledge of the affiant; and the allegation that the premises searched were not those described in the warrant; are all propositions dependent upon the affidavit for issuance of the search warrant, and the search warrant itself. But neither of the two instruments were introduced into evidence and consequently we hold that these propositions of error are without merit. See: Dowell v. State, 95 Okl.Cr. 377, 245 P.2d 455, and Holland v. State, 58 Okl.Cr. 404, 54 P.2d 216, wherein this Court held:

"The burden of proving the invalidity of a search warrant rests on the defendant, and where he files a motion to suppress evidence or objects to the introduction of evidence on the ground the search warrant is not valid he should produce the affidavit and warrant in evidence in support of such motion or objection, or account for the failure to produce and offer other competent evidence to show invalidity. Where he fails to do so, this court will presume the search was legal."

We are therefore of the opinion that the judgments and sentences in both appeals should be affirmed. It is so ordered.

BUSSEY and NIX, JJ., concur.