**Roger STEVENSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–18064.**

Court of Criminal Appeals of Oklahoma.

July 11, 1973.

Warren H. Crane, Lawton, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

OPINION

BRETT, Judge:

Appellant, Roger Stevenson, hereinafter referred to as defendant, was convicted in

the District Court of Comanche County, Case No. CRF–72–321, for the offense of Unlawful Delivery of Controlled Drug, Phencyclidine, and sentenced to ten (10) years imprisonment and a fine of three thousand dollars ($3,000). Judgment and sentence was imposed on October 13, 1972, and this appeal perfected therefrom.

At the trial Larry Smith testified that he was in the Army at Fort Sill, Oklahoma, assigned to work as a confidential informer in illegal drug traffic. Smith testified that on May 6, 1972, he went to the apartment of the defendant and purchased five (5) pink tablets for ten dollars ($10), which defendant represented were a drug known as THC. According to Smith, he turned over the tablets to Ron Rutledge, a Lawton Police Officer.

Rutledge testified that he received the five (5) pink tablets from Smith and sent them to the state chemist for analysis.

Donald Flynt, a state chemist, testified that he analyzed the tablets received from Rutledge and determined them to be Phencyclidine, a controlled dangerous drug.

Before resting its case, the State again called the witness Larry Smith, who testified that on or about April 25, 1972, he had purchased a quantity of marijuana from the defendant for twelve dollars ($12). The defendant presented no evidence, but rested after his demurrer to the evidence was overruled.

Defendant contends that the trial court erred in permitting the State, over objection, to introduce evidence of other offenses in direct testimony in chief, anticipating the defense of entrapment. Defendant's objection to Smith's testimony that defendant had committed a separate and distinct offense in that he sold marijuana on April 25, 1972, was overruled by the trial court with the comment that such testimony is "permitted to be introduced into evidence by the court in connection with a legal defense of entrapment." The State argues that when the defense of entrapment has been raised, the State may offer proof of similar offenses to show defendant's pre-

disposition to commit the crime with which he is charged. Furthermore, it is contended such evidence may be presented before or without the defendant offering any evidence.

■ It is the general rule that "evidence which in any manner shows or attempts to show that accused has committed an offense other than that for which he is on trial and wholly independent thereof, even though an offense of the same sort, is inadmissible, since accused must be convicted, if at all, by evidence which shows him to be guilty of the offense charged." Bunn v. State, 85 Okl.Cr. 14, 187 P.2d 621 (1947).

■ Evidence of unrelated specific offenses for which the accused is not on trial may be admissible when the defense of entrapment has been raised under proper circumstances. The rule in this regard, as it relates to the facts in the instant case, was set forth in Laster v. State, Okl.Cr., 376 P.2d 635 (1962). In *Laster* this Court held that where there had been no evidence or proof of entrapment offered by the defendant, it was reversible error for the State to anticipate such a defense by presenting proof of other offenses. The rule was stated by the Court as follows:

"Where the State charges and relies upon a particular sale to constitute a violation of the prohibition law, it is error for the court to permit proof of other offenses.

"When the defense of entrapment is offered by some evidence *on part of defendant,* it is then admissible for State to offer proof of other offenses closely connected to show that officers were acting in good faith. Such other acts on the part of defendant are admissible as *rebuttal evidence only.*

"Where there is no evidence or proof of entrapment offered by defendant, it constitutes Reversible Error for the state to present proof of other offenses to show that defendant was engaged in the business of selling whiskey.

"The defense of entrapment *cannot be presumed or anticipated* but there must be proof offered before the State can present evidence of other offense to show that defendant had a reputation for selling whiskey.

"Had the issue of entrapment been properly presented in the case at bar by some evidence on behalf of defendant, then it would also have been proper for the state to show, as it attempted to do here, that the officers were acting in good faith and on the belief based upon reasonable information that defendant was engaged in selling whiskey to minors contrary to law." (Emphasis added)

This rule was subsequently reaffirmed by this Court in Watson v. State, Okl.Cr., 382 P.2d 449 (1962), where Judge Bussey stated for this Court:

"When the defense of entrapment is offered by some evidence on part of defendant, it is then permissible for state to offer proof of other offenses closely connected to show that officers were acting in good faith. Such other acts on the part of defendant are admissable (sic) as rebuttal evidence only."

In the case before us, the State was allowed to introduce testimony in chief showing that the defendant had committed a separate and unrelated offense. It was claimed that such evidence was offered in anticipation of a defense of entrapment. The State's evidence indicating a separate offense was presented before any evidence was offered for the defendant. Indeed, there was no evidence presented by the defendant. It would thus appear that this evidence offered by the State in chief violated the clear rule set forth in *Laster,* supra, and *Watson,* supra. Accordingly, the trial court erred in this regard and the judgment and sentence must therefore be reversed and remanded.

BLISS, P. J., concurs.

BUSSEY, Judge (concurring in results):

I am of the opinion that this case should be reversed and remanded for a new trial, but I believe that the evidence of other sales was admissible in chief as a part of the common scheme, purpose, plan or design embracing the commission of two or more offenses so closely related that proof of one tends to establish proof of the other. See Roulston v. State, Okl.Cr., 307 P. 2d 861. The error that I believe was committed by the court in the instant case was committed when the trial court failed to instruct the jury on the limited purpose for which the evidence of other sales was admitted. For a comprehensive discussion of exceptions to the general rule that evidence of other crimes may not be admitted, see Roulston v. State, supra.