## MARVIN RUSSELL HARRIS v. STATE.

No. A-10975.   March 2, 1949.

(204 P. 2d 305.)

Kathryn Van Leuven and H. B. King, both of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Marvin Russell Harris, was charged by information filed in the district court of Oklahoma county, with the crime of attempted rape, and after hearing the evidence, the jury returned a verdict reading as follows:

"We, the jury, empaneled and sworn in the above entitled cause, do upon our oaths, find the defendant Guilty, and leave his punishment to be fixed by the Court. We, the jury recommend that the sentence be suspended."

After overruling a motion for new trial, the defendant was sentenced to serve seven and one-half years imprisonment in the State Penitentiary, and has appealed.

The brief of the defendant contains numerous assignments of error. We shall only discuss those which appear to constitute reversible error.

It is first contended that the trial court erred in overruling the motion for mistrial of the defendant because of voluntary and improper statements made by two different officers in their testimony.

The defendant was arrested by Officers Harbolt and Ryan. Officer Harbolt testified:

"Q. You took him to the station, did you? A. Yes, sir; we did. Mickey Ryan and I put him in our car and I drove the Ford to the station. Q. Did he or did he not make any statements to you? A. He talked to Mickey on the way to the station. That is my understanding. After he was booked and placed in jail, we talked to him in the presence of his father, at which time he admitted this and four or five other deals to us."

When Officer Ryan was called as a witness for the state, he testified concerning other alleged attacks by the defendant as follows:

"Q. Did you talk to him later in the presence of his father? A. I did. Q. What was said there, please, sir? A. He admitted at that time that he had attemped to rape three or four different women."

In each of those instances, when the voluntary statement that defendant had admitted committing other offenses was made, counsel for the defendant moved for a mistrial, which motion was denied . However, the court did strike the statement of Officer Ryan from the consideration of the jury.

The practice of experienced officers making voluntary statements of evidence against a defendant which could not have been inquired about has been repeatedly condemned by this court. One of the latest cases involving this question was the case of Wire v. State, 87 Okla. Cr. 44, 194 P. 2d 212, 213, wherein we held that the statement of arresting officer, "We arrested her one time before and she had them" was prejudicial error.

We shall consider this assignment of error together with the proposition that the court committed reversible error in admitting evidence of other offenses similar to the one for which the defendant was being tried.

During the cross-examination of the defendant, the county attorney, over objection of counsel for the defendant, asked the defendant concerning an alleged affair which he had with a girl by the name of Luda Puckett. When the objection of counsel for defendant was overruled, the trial court stated:

"The Court: Gentlemen of the Jury, you are advised that this evidence is not admitted as tending to show whether or not the defendant did or did not commit the offense for which he is charged here. It is only admitted for a limited purpose, as showing a plan, purpose, intent, or scheme. That is the only reason it is admitted. That will be covered fully in the court's instructions. The objection is overruled and exceptions allowed."

The defendant denied knowing a girl by that name. The county attorney then asked him concerning a written statement which he had given to the officers concerning this alleged affair with Luda Puckett, and defendant admitted signing the statement. The trial court admitted the statement in evidence, overruled the objection of counsel for defendant and stated that he was admitting the evidence for the "limited purpose of showing intent, motive, or plan."

In this statement, the defendant admitted picking up a girl at Midwest City, several days prior to the date of the alleged occurrence for which he was being tried, and driving to a secluded place and attempting to have sexual intercourse with her there but failed because the girl jumped out of the car and ran.

Defendant on cross-examination was also asked several questions about another girl, but the defendant denied knowing anything about her and no evidence as to any improper relations with her was ever introduced.

In the case of Pressley et al. v. State, 71 Okla. Cr. 436, 112 P. 2d 809, 810, this court held:

"'The character of the defendant cannot be impeached or attacked by the state unless he puts his character in issue by introducing evidence of good character.

"'Evidence of offenses other than the one charged is admissible only when it tends to prove the offense charged. To be competent, it must have some logical connection with the offense charged.

"Conduct of prosecuting attorney, in persisting in cross-examining the accused and witnesses for the accused by assumptions and insinuations as to previous unlawful acts and transactions, in spite of rulings against him, held improper and prejudicial. * * *

"Where the defendants are cross-examined as to other crimes alleged to have been committed by them, which have no connection with the offense charged, upon which alleged offenses convictions have not been obtained, and the defendants deny the commission of the alleged offenses, it is error to permit the state to introduce witnesses in rebuttal with the view of impeaching the testimony of the defendants by showing the commission of the alleged crimes, as a witness cannot be impeached upon collateral matters."

See, also, Lizar v. State, 74 Okla. Cr. 368, 126 P. 2d 552; Duggins v. State, 76 Okla. Cr. 168, 135 P. 2d 347.

In the case of Coppage v. State, 77 Okla. Cr. 414, 142 P. 2d 371, 376, the State in a prosecution for sodomy attempted to introduce evidence of an alleged sexual act committed by defendant with another woman and this court stated:

"There was no relation between the two crimes. If they were committed, they were different crimes, and at different times. It is a well defined general rule that one should only be placed on trial for the crime with which he is charged in the information."

Other cases similar in facts to the instant case are Coppage v. State, 76 Okla. Cr. 428, 137 P. 2d 797, and Quinn v. State, 54 Okla. Cr. 179, 16 P. 2d 591.

In the case of Byers v. State, 78 Okla. Cr. 267, 147 P. 2d 185, 188, this court stated:

"We have said that in order for other offenses to be admissible against the accused to show a common scheme or plan or intent that they must not be remote as to time and there must be a visible connection between the crimes. Nemecek v. State, 72 Okla. Cr. 195, 114 P. 2d 492, 135 A.L.R. 1149; Pressley et al. v. State, 71 Okla. Cr. 436, 112 P. 2d 809; Landon v. State, 77 Okla. Cr. 190, 140 P. 2d 242; Herren v. State, 75 Okla. Cr. 251, 130 P. 2d 325.

"The fact that one person may commit similar crimes does not justify the admission of the other identical offenses if they are independent of each other. Where the trial court cannot clearly see a visible connection between the alleged other offenses to the one charged, he should refuse to admit the other offenses in evidence. If the trial court is uncertain as to the admissibility of such evidence, he should give the benefit of such doubt to the defendant as it is manifestly unfair to the accused to force him to prepare to defend himself against any collateral crime other than the one charged against him in the information. Juries are too prone, when such other offenses are admitted in evidence, to find an accused guilty of the crime charged merely because he might have committed some other offense."

We have been unable to find any case where this court has ever admitted evidence, in a prosecution for rape or any of the sex crimes, of other alleged sexual acts committed by the defendant except evidence of acts committed by the defendant with the prosecutrix. Each of the acts herein involved different parties, were separate and independent occurrences at different times, and

their admission in evidence forced the defendant to defend against several collateral acts. Here, there was no disputed question as to the intent of the defendant. He wanted and intended to have sexual intercourse with the prosecutrix. The only question for the jury to consider was whether he went far enough in his efforts to constitute a crime; and if so, whether it was the crime of attempted rape, or that of either of the two lesser offenses of assault with intent to commit rape or assault and battery.

In this case, the prosecutrix testified that defendant picked her up on a street corner in Midwest City and started driving with her in his automobile on 29th street toward Oklahoma City; that the defendant turned off the road in a secluded section of the country and there asked her to have sexual relations with him; that she refused the defendant, and they sat and talked and argued for several minutes; that the defendant grabbed her wrists and attempted to force her back over the seat of the automobile; that defendant tore some buttons off her dress; that during the struggle she reached down on the floor of the automobile, picked up a wrench and struck the defendant which caused him to desist; that defendant then drove her to the railway crossing on 29th street and let her out of the car. She immediately telephoned her husband who notified the officers and the defendant was shortly thereafter arrested.

The defendant's testimony varied but little from that of the prosecutrix. He admitted picking up the prosecutrix and driving to the secluded spot. He testified that he then "propositioned" her and she refused; that they had a conversation for several minutes in which he kept insisting that she have sexual relations with him, and that finally she said "Well, I can't because I have

just had an operation" and raised her dress and showed him that she was bandaged and was wearing an abdominal support because of her operation; that when she showed him this, he made no further comment, but drove her to her destination.

The jury deliberated for a considerable length of time and then reported several times to the court that they were unable to reach an agreement, and on one of these occasions, the foreman asked the court the following question:

"We want to know if we can bring in a verdict, leaving the punishment to the court, with a definite understanding that the sentence, whatever is given by the court, will be suspended?"

The record discloses that when this question was asked, the court held a consultation with counsel, out of the hearing of the jury, and then stated:

"The Court: Let the record show that both sides waive a written instruction and agree that the court may give this further instruction orally. Gentlemen of the Jury: You are advised that as to the matter of suspending a sentence, that is a matter that is left up to the court. It is not within the province of the jury. You can make any recommendation you care to, but that would not be binding on the court, the court would still be bound to follow the law, and it may, or may not be possible to follow such recommendation. The court has to follow the law just as you do."

We quote the foregoing record with reference to the deliberations of the jury to show the difficulty which the jury had in returning a verdict of guilty, even though they had before them other alleged offenses, including the voluntary statements by the officers that defendant had admitted offenses against four or five other women.

In such a close case, this court would not be warranted in holding that the admission of this evidence was harmless error; on the contrary, it appears to be substantial and such as requires a reversal of the judgment of conviction.

Counsel further contend that the court erred in failing and refusing to allow counsel for the defendant to see and examine the instructions before the same were returned to the jury.

The record in connection with this assignment discloses the following: That at the time the trial judge started to instruct the jury, counsel for defendant stated:

"If it please the court at this time defendant asks to be allowed to see and examine the instructions before same are read to the jury in order that the defendant may know if other or further instructions should be requested and have an opportunity to present same."

The trial court refused an examination of the instructions and stated:

"You may save any exceptions to the instructions at any time before motion for new trial is passed upon."

The law in regard to this proposition was set forth in the early case of Thompson v. State, 6 Okla. Cr. 50, 117 P. 216, 217, wherein it is held:

"Where counsel for a defendant in a criminal case request permission to be heard upon the law of the case, before the instructions are read to the jury, and this request is refused by the court, such refusal will operate as an exception to each and every paragraph contained in the instructions, and as a request to give proper instructions in behalf of the defendant upon every issue arising from the evidence before the jury.

"Where the record discloses the fact that counsel for a defendant in a criminal case has requested permission

to be heard upon the law of the case before the charge of the court is read to the jury, and this request has been refused by the trial court, it will then become the duty of this court to carefully scrutinize the instructions given for errors, both of omission and commission, and, if any such errors appear, which, in the light of the entire record, may have operated to the injury of the appellant, the judgment of the lower court will be set aside and a new trial will be granted, whether such error was excepted to or not."

This rule of law was cited with approval in Fowler v. State, 8 Okla. Cr. 130, 126 P. 831, and the recent case of Jenkins v. State, 80 Okla. Cr. 328, 161 P. 2d 90, 92, 162 P. 2d 336.

In Jenkins v. State, supra, it is stated:

"Counsel for the defense have the right to be heard in the trial court upon the law as well as upon the facts. This is fair to all parties concerned and is necessary to the proper administration of justice. It gives the judge an opportunity to correct any errors which he may have made and it gives the county attorney an opportunity, if he thinks the charge of the court is erroneous, to join with the defendant in requesting that such error be corrected. Therefore, if counsel for the defendant makes a timely request for permission to examine the court's instructions before they are read to the jury to determine whether he wishes to make objection thereto, it would be error on the part of the trial court to refuse to give counsel such opportunity. The facts of each individual case will be considered in determining whether this was prejudicial error."

The trial court did not submit to the jury in his instructions the lesser offenses of assault with attempt to commit rape and assault and battery. We think under the evidence, instructions submitting these two lesser offenses should have been given. Under the rules of law

set forth in the above cases, where counsel for defendant is denied his request for permission to examine the instructions and to be heard on the law before they are read to the jury, such refusal by the trial court will operate as an exception to each and every instruction and as a request to give proper instructions in behalf of defendant upon every issue arising from the evidence before the jury.

For all of the foregoing reasons, the judgment of the district court of Oklahoma county is reversed and remanded for further proceedings consistent with this opinion.

BAREFOOT and BRETT, JJ., concur.