### MAIDEN v. STATE.

No. A-11988.

Criminal Court of Appeals of Oklahoma.

June 30, 1954.

Rehearing Denied Sept. 8, 1954.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for defendant in error.

JONES, Judge.

The defendant, O. S. Maiden, alias O. S. George Maiden, alias C. M. Martin, was charged in the Court of Common Pleas of Oklahoma County on January 7, 1953, with holding himself out to the public as a real estate broker, and as such broker selling certain real estate situated in Sequoyah County without first securing a license as a real estate broker, contrary to provisions of the statutes pertaining to such transactions. 59 O.S.1951 §§ 831–857. The defendant was tried, convicted and pursuant to the verdict of the jury, was sentenced to serve six months in the county jail and to pay a fine of $300 and has appealed.

Only one assignment of error is presented by the appeal, to-wit: "The trial court erred in admitting evidence of other offenses."

The evidence of the State showed that one Edward Dietz read an advertisment which had been placed in the Daily Oklahoman by the defendant which listed 30 acres of land located in Sequoyah County, Oklahoma, for sale for the price of $110; that immediately after reading the advertisement, Dietz and his wife communicated with the defendant and purchased the land described in the advertisement and were delivered a special warranty deed signed by one Harmon McFerran, conveying the property in question to Dietz. Later Dietz purchased an additional 40 acres adjacent to the 30-acre tract through the agency of the defendant, which deed was also signed by Mr. McFerran. Dietz testified that he later learned that the land had been sold to McFerran at a tax sale, but that the tax proceedings were void because the property belonged to a restricted Indian and was nontaxable. He attempted to recover the money which he had paid for the deeds but was unsuccessful. He then reported the matter to Joseph T. Frizzell who was the secretary of the Oklahoma Real Estate Commission.

William N. Mounger, Oklahoma City, for plaintiff in error.

Frizzell testified that Mr. Dietz reported his transaction with the defendant to him,

and that his records showed defendant was not the holder of a license to act as a real estate broker under the laws of the State of Oklahoma, and that he (Frizzell) filed the instant charges against him. During the testimony of Frizzell, the County Attorney asked him whether any other complaints had been made to him as secretary of the Oklahoma Real Estate Commission concerning the activities of the defendant as a real estate broker. An objection by counsel for defendant to this question was overruled and Frizzell answered that he had had 16 or 18 complaints. Objections which were interposed to questions concerning the persons who had made the complaints were sustained by the court.

Later, without any objection being made, one Richard W. Dunham and one Leonard L. Blacksten testified to making purchases of real estate in eastern Oklahoma through the defendant as broker. Their testimony disclosed a transaction based upon an advertisement in the newspaper similar in detail to that related by Mr. Dietz.

The trial court admitted the evidence that complaint had been made to Frizzell on 16 or 18 other occasions about the defendant acting as a real estate broker on the theory that under the charge filed against defendant, the evidence of other offenses was competent and admissible as showing guilty knowledge and evidencing a common scheme or plan to sell real estate as a real estate broker. As we view the matter, the question asked the witness called for the giving of hearsay testimony and the objection to it should have been sustained. Under the theory that evidence of other offenses was admissible to show a common scheme or plan, Frizzell could have testified to other offenses which were within his personal knowledge, but to permit him to relate that individuals had complained to him on 16 or 18 different occasions about the defendant having real estate transactions with them was permitting him to give hearsay testimony.

In the case of Bunn v. State, 85 Okl.Cr. 14, 184 P.2d 621, this court held:

"The general rule is that evidence, which in any manner shows or tends to

show that accused has committed an offense other than that for which he is on trial and wholly independent thereof, even though an offense of the same sort, is inadmissible, since accused must be convicted, if at all, by evidence which shows him to be guilty of the offense charged.

"Under exception to general rule that accused must be convicted, if at all, by evidence showing him to be guilty of the offense charged, evidence of other offenses recently committed by accused, similar to the offense charged, is admissible when such evidence tends to establish a common scheme or plan, embracing the commission of two or more offenses so related to each other that proof of one tends to establish the other, or when such evidence shows or tends to show guilty knowledge or intent in the commission of the offense charged.

"Before evidence of other offenses may be admitted against the accused to show a common scheme or plan or intent, such other alleged offenses must not be remote as to time and there must be a visible connection between such other alleged offenses and the charge alleged against the accused in the information.

"The fact that one person may commit similar crimes does not justify the admission of the other offenses if they are independent of each other. Where the trial court cannot clearly see a visible connection between the alleged other offenses to the one charged, he should refuse to admit the other offenses in evidence. If the trial court is uncertain as to the admissibility of such evidence, he should give the benefit of such doubt to the defendant, as it is manifestly unfair to the accused to force him to prepare to defend himself against any collateral crime other than the one charged against him in the information."

See also Harris v. State, 88 Okl.Cr. 422, 204 P.2d 305, 8 A.L.R.2d 1006; Doser v. State, 88 Okl.Cr. 299, 203 P.2d 451.

778

Because of the nature of the charge against the accused, the testimony of the witness Dunham and of the witness Blacksten of purchases of land through the agency of defendant made at about the same time as the sales to Mr. Dietz was admissible for the purpose of showing a common scheme or plan of the defendant to make sales of real estate as a broker without first procuring a license as a broker. Probably because counsel for the accused realized that the testimony of these two witnesses was admissible, he made no objection to their testimony. The defendant testified in his own behalf and admitted making the sales disclosed in the evidence of the State. He contended, however, that the sales were of property which he had purchased from McFerran and that under the Real Estate Broker's Act, it was unnecessary for him to have a broker's license to sell property belonging to himself. This contention was fully covered in the instructions of the court. The jury was fully justified in discarding this contention because the evidence of the accused on cross-examination was confusing and was insufficient to support such a contention. The defendant also admitted that he had been convicted in Texas of the crime of perjury and sentenced to serve a term of 4 years imprisonment in the penitentiary.

This brings us to the question of whether or not the erroneous admission of the hearsay testimony of the witness Frizzell constituted reversible error. We cannot conceive under the evidence and the instructions of the court how any reasonable jury could have failed to have returned a verdict of guilty. However, the jury might not have assessed the punishment which was inflicted if the hearsay testimony had been omitted. This is purely conjectural. However, we feel that where substantially the maximum sentence is assessed and there is some chance that the verdict could have been influenced by the admission of hearsay evidence, that the defendant should be given the benefit of every doubt and where the evidence of guilt is plain and practically undisputed, the only

relief that can be given is a modification of the sentence which was imposed.

It is therefore ordered that the judgment and sentence of the Court of Common Pleas of Oklahoma County is modified to a term of 60 days imprisonment in the county jail and a fine of $300 and as thus modified, the judgment and sentence is affirmed.

POWELL, P. J., and BRETT, J., concur.