Bobby Joe CARR, Plaintiff-in-Error,

v.

STATE of Oklahoma, Defendant-in-Error.

No. A–12979.

Court of Criminal Appeals of Oklahoma.

April 26, 1961.

Jay C. Baker, Tulsa, for plaintiff-in-error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant-in-error.

BUSSEY, Judge.

Bobby Joe Carr, plaintiff-in-error, referred to as the defendant herein, was charged with the crime of robbery with firearms of the Git-N-Go Grocery, after former conviction of a felony, by information in the District Court of Tulsa County. He was tried by a jury who found him guilty as charged and fixed his punishment at 15 years in the penitentiary. This appeal was duly perfected.

There are several assignments of error urged by the defendant. After a careful review of the record we deem it only necessary to consider at length the defendant's contention that the trial court erred in allowing the state to introduce evidence of other separate and distinct offenses in re-

buttal. This contention is based on the well settled rule that such testimony will often constitute reversible error.

The rule is recognized and not disputed in the brief of the defendant-in-error, hereinafter referred to as the state. The theory of the state is that evidence of other separate and distinct offenses can be gone into once the defendant has opened up the subject when presenting his side of the case. The state submits that the subject of other offenses was opened up on direct examination of the defendant and under the guidance of his own counsel, by the following questions and answers:

"Q. Will you tell the Court and jury what happened while you were in that interrogation room? A. Well, when we first walked in, Claude Davis asked me, 'Well, would you like to tell us about what you have been doing?' Well, I asked him what he was talking about, I didn't know. I was brought up here from Texas on an entirely different charge than they have me on, and so he asked me, 'Well, what about these armed robberies?' I told him I didn't know what he was talking about and he kept asking me about them, said he would make it easy on me if—".

This quoted testimony presents the question of whether the answers, as given by the defendant on the witness stand, opened up the subject of other offenses. If this testimony did open the subject, it would not be error for the state to prove alleged other offenses. On the other hand, if this testimony did not open the subject of other offenses, it would be error to allow the state to delve into this field of inquiry and proof. We are of the opinion that the statement made by the defendant in reference to the questions that were asked him in the interrogation room after his arrest, as set out above, did not open the subject of other offenses. The defendant was merely relating the conversation that took place in the interrogation room and in the process of relating this conversation, the questions of the interrogating officers were included, in his apparent attempt to accurately and truthfully answer the question propounded by his attorney.

The state evidently proceeded under the belief that the field was now open and was allowed to elicit questions and answers on cross-examination of the defendant, to show the commission of other offenses. The material testimony elicited in this connection was as follows:

"Q. During this conversation you had with Mr. Creamer, Davis and Bobino, did you admit any other crimes?

"Mr. Jay Baker: To which we object as being incompetent, irrelevant, and immaterial.

"The Court: Overruled.

"Mr. Baker: Note our exception.

"A. I did not.

"Q. Were you asked about the Quality Oil Service Station on East Eleventh? A. Not that I can recall. They asked me about several of them it may have been one of them."

The state was allowed to present the most serious and prejudicial testimony in rebuttal. Mr. Joe Creamer, one of the interrogating officers was called in rebuttal and the following testimony was presented, concerning questions and answers given by the defendant during the interrogation:

"A. I asked him about the Quality Oil Company, which happened prior to the Git-N-Go robbery. He told me that he had a Plymouth with he hijacked the Quality—

"Mr. Baker: To which we object as incompetent, irrelevant and immaterial and move the court at this time to declare a mistrial.

"By County Attorney: If the court please, when the defendant was on the stand and I asked him about the conversation, if they had any conversation concerning Quality Oil and the defendant said no.

"Mr. Baker: And we objected at that time, if the court will recall.

"The Court: Well, objection was overruled and objection will be overruled to this.

"Mr. Baker: Note our exception.

"Q. Go ahead, Joe. A. I said I asked him what transportation he used and he said he had a 51 Plymouth when he hijacked the Quality Company, that he traded the Plymouth for a 1952 Buick and paid $250.00 in cash; he said 'I got $173.00 from the Quality hijacking and I paid $80.00 of my own money difference when I traded cars with the Phelps Motor Company in West Tulsa.'"

The State also elicited the testimony of Don Bobino in rebuttal. This witness, like Mr. Creamer, was present during the interrogation of the defendant. His testimony was for the same purpose and substantially the same as that of Mr. Creamer.

It is the testimony of the rebuttal witnesses, the material part of which is set out above, upon which the defendant bases his assertion of reversible error. We are compelled by prior decisions of this court to agree with this contention and hold that the admission of the testimony in question constituted reversible error.

 The question of the admissibility of evidence of other offenses is not a simple matter. Indeed, its complexity creeps into the annals of criminal law most frequently. This court has had occasion to wrestle with it many times and an abundance of authority can be found for almost any fact situation that might arise. The rule, as stated in what I believe to be the most concise, yet accurate language, can be found in O'Neal v. State, Okl.Cr., 291 P.2d 375, 376. This court, speaking through Judge Brett, stated:

"It has been held that where the trial court cannot clearly see a visible connection between the other alleged offenses to the one charged, or when they are remote as to time, he should refuse to admit the other offenses in evidence. Moreover, if the trial court is uncertain as to the admissibility of such evidence, he should give the benefit of such doubt to the defendant, as it is manifestly unfair to the accused to force him to prepare to defend himself against any crime other than the one charged against him in the information."

Immediately following this statement of the rule is the explanation and reason for such rule. The explanation is that juries are too prone, when such other offenses are admitted in evidence, to find an accused guilty of the crime charged merely because he might have committed some other offense. For another case standing for the proposition that in order for other offenses to be admissible against the accused to show a common scheme or plan or intent, they must not be remote as to time and there must be a visible connection between the crimes, see Harris v. State, 88 Okl.Cr. 422, 204 P.2d 305, 8 A.L.R.2d 1006, and authorities cited therein.

In an attempt to clarify the rule we will go a step further. Assuming that the subject of other offenses was opened as a result of the defendant's own testimony, the question of remoteness becomes material. The record does not reveal any effort on the part of the State to establish even the approximate time of other offenses. This would present a grave doubt in the eyes of this court in relation to the remoteness in time. Also, without this basic factor being proven to any degree, a visible connection between the crimes is not apparent. Therefore, based upon the rule as previously set forth, the doubt must be resolved in favor of the accused. This was not done in the court below.

As we view the entire record in an attempt to render justice to this defendant, we can only speculate when we try to determine which crime the defendant was convicted of by the jury. This is because the evidence of other separate and distinct offenses was allowed to be introduced. In a close case, this court is not warranted in holding that the admission of evidence which compels us to enter into the realm of

speculation is harmless error. Speculative justice is justice denied.

It thus appearing that under the prior decisions of this court, the introduction of separate and distinct offenses, unrelated to the offense upon which the defendant is being tried, constitutes reversible error. The admission of such evidence in rebuttal under the guise of impeaching testimony is a clever subterfuge which cannot be sanctioned by this court. The State may not do indirectly that which the law directly prohibits.

In conclusion, we must observe that the proof of former conviction in the case at bar presents another serious question which can be resolved upon a new trial if the State proceeds in accordance with the rules laid down in Ervin v. State, Okl.Cr., 351 P.2d 401. Also, we must assume that if the defendant properly presents requested instructions consistent with the law and evidence upon the new trial, the trial court will give them such consideration as they may merit.

For the reasons stated, this case is reversed and remanded for a new trial consistent with the views expressed herein.

NIX, P. J., and BRETT, J., concur.