Herman Ray CORNELIUS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13773.

Court of Criminal Appeals of Oklahoma.
Feb. 21, 1968.

Howard & Larkin, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

Plaintiff in error, hereinafter referred to as defendant, was tried before a jury in the district court of Tulsa County, for the crime of larceny of an automobile. The jury returned a verdict of guilty, and imposed a sentence of eight years in the state peniten-

tiary. Defendant's motion for new trial was overruled, and he was granted bail pending his appeal to this Court.

The information alleges that on October 27, 1963 the defendant stole a 1963 two-door Starfire Oldsmobile from the used car lot of one John Felts, in Tulsa, Oklahoma.

The evidence shows that such automobile was unlawfully taken from the used car lot on that date. It was also shown that on or about the same date, the defendant stored an automobile of similar description in his uncle's garage for several days. The State's evidence also shows that the defendant openly drove an Oldsmobile automobile of the same make, model and color description as the one stolen from the Felts used car lot. Also, on several occasions, the defendant offered to sell the automobile he was driving to different persons.

On January 20, 1964 the defendant with another man, identified as Mr. Wilson, delivered to Mr. L. L. Roberts a Starfire Oldsmobile of the same make, model and description as the one allegedly stolen from Mr. Felts' car lot; and at the same time, a white Chevrolet sports coupe was delivered to Mr. Roberts. Both automobiles were offered for sale at a total price of $4,000. Mr. Wilson purportedly operated a rent-a-car service in Oklahoma City, and was disposing of some of his 1963 model cars, and was represented to be the owner of both cars.

On March 11, 1964 the Tulsa police investigated the Oldsmobile at Mr. Roberts' shop, as the result of information furnished by the license division of the Oklahoma Tax Commission.

Police officer Billy J. Jones testified that the "public information number" was not properly affixed to the door-post of the automobile, and did not match the "confidential identification number" stamped on the under side of the automobile. He therefore impounded the 1963 Oldsmobile as being a stolen automobile.

After making identification of the Oldsmobile, the State then proceeded to introduce evidence concerning a chain of circumstances involving still other stolen automobiles, their recovery and identification, in an effort to connect the defendant with those thefts. Defendant objected to the introduction of such evidence, and after a conference out of the hearing of the jury, the objections were overruled.

The trial continued over several days, and became rather complicated because of the detailed manner in which the State proceeded to identify the several automobiles; and in the State's attempt to connect the defendant with the theft of each vehicle. In each instance, however, possession was the only connection the defendant was shown to have had with the automobiles.

Coupled with the public identification number plate means of identification, the State went into a lengthly process of identifying the original automobile registration for the Oldsmobile in question, as well as the registrations for some five other automobiles. The State admitted that the other automobiles were stolen at different places, and different times from the theft of the automobile shown in the information. It was the State's intention to connect this defendant with the theft of each automobile, in order to show a common scheme or plan embracing the commission of other crimes, so related to each other that proof of one tended to establish the other.

At the conclusion of the State's case, the defendant demurred to the evidence, and moved for a directed verdict on the grounds that all the State had shown was defendant's possession of the Oldsmobile automobile in question; and that the evidence of other crimes was not material, or relevant, to the charge of larceny. Defendant's demurrer and motion were both overruled.

The defendant did not take the witness stand in his own defense, but instead offered the testimony of his wife, step-daughter, and two other witnesses in an effort to prove his alibi, that on the evening of Sunday, September 27, 1963 when the Oldsmobile was stolen, he was in church with his wife and step-daughter.

When the court's instructions were given to the jury, the defendant objected to instructions Nos. 5 and 7, as given to the jury. His objections were overruled and he was allowed his exceptions. The case was submitted to the jury, which later returned its verdict.

Subsequently, defendant's motion for new trial was overruled, and judgment and sentence was passed by the trial court.

Defendant's first proposition contends that the court erred in overruling his demurrer to the evidence, and his motion for a directed verdict in that there was no showing whatsoever of any taking by the defendant, nor any contemporaneous possession of the stolen property; and therefore, the elements of larceny were not proved.

Secondly, he contends that the court erred in admitting the evidence of other possible crimes, which had no bearing on the charge confronting the defendant, and which was neither material nor relevant to the charge of larceny.

His last proposition complains about the court's instruction No. 5, defining "principals", which was given because defendant had an alibi. He states the instruction allowed the jury to find the defendant guilty, if he had an accomplice, which only served to confuse the jury.

At the hearing before this Court on June 6, 1967, counsel for defendant unfolded the total array of eighty-four exhibits, including displays, photographs, numerous vehicle titles and registrations, car tags, microfilms, and various other items used to convict the defendant.

Defense counsel argued that the defendant was charged with the crime of larceny of a specific automobile, but was convicted for possession of other stolen automobiles, over an extended period of time, not connected to the offense charged; and that the multitude of evidence was used by the State in an effort to bolster a weak case of larceny; and because of that evidence, which defendant contends was inadmissible—and which was properly objected to—the defendant was convicted of the charge of larceny.

It was the State's contention that the evidence comes within the exception of the rule stated in Roulston v. State, Okl.Cr., 307 P.2d 861, showing a common scheme or plan embracing the commission of other crimes, so related to each other that proof of one tends to establish the other. But, from the evidence contained in the record before the Court, nothing more than possession of stolen property was shown; and such evidence was not sufficiently connected to the charge of larceny, to fall within the exception to the general rule.

The Roulston case, supra, sets forth the five exceptions to the general rule whereby testimony of other offenses may become competent, when it is material and proper to show:

"(1) Motive, (2) intent, (3) absence of mistake or accident, (4) identity of the person charged with the commission of crime for which he is on trial, and (5) common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other."

The State sought, and did gain, the opportunity to introduce evidence concerning the theft and disposition of other stolen cars under the fifth exception above. At the time such evidence was offered, defendant properly objected and was granted exceptions. At a later stage of the trial, the trial judge granted defendant a continuous objection to all the evidence concerning other stolen automobiles. We observe, also, that the defendant properly renewed his objections prior to the time the case was turned to the jury for consideration.

At the hearing on defendant's motion for new trial, the defendant contended that the evidence was not material or relevant concerning the specific charge of larceny; and that such evidence was so prejudicial that the defendant could not obtain a fair trial on the charge of larceny confronting him.

We observe the record reflects the trial court to have had some misgivings on the

points argued by defendant. While explaining his order overruling defendant's motion, the trial judge made the following statement: " * * * This is a close question as to whether or not this evidence is sufficient to overcome the obstacles set forth by the exception in all of the criminal cases where this is used. In this case, of course, there is considerable evidence *to show a scheme and a method of handling stolen cars.* [Emphasis supplied]. Now, of course, there are other questions involved in this case which no emphasis is made on, but I feel that the best thing for all parties concerned is to overrule this motion for new trial, because that will dispose of the matter."

We are left to conclude that the trial judge entertained certain mental reservations concerning the admissibility of the evidence "of other crimes", and decided that the matter should be passed to the appellate court. This Court said in Carr v. State, Okl.Cr., 361 P.2d 701, 703, while quoting from an earlier case (O'Neal v. State, Okl. Cr., 291 P.2d 375, 376):

"It has been held that where the trial court cannot clearly see a visible connection between the other alleged offenses to the one charged, or when they are remote as to time, he should refuse to admit the other offenses in evidence. Moreover, if the trial court is uncertain as to the admissibility of such evidence, he should give the benefit of such doubt to the defendant, as it is manifestly unfair to the accused to force him to prepare to defend himself against any crime other than the one charged against him in the information."

See also Harris v. State, 88 Okl.Cr. 422, 204 P.2d 305, 8 A.L.R.2d 1006, and authorities cited therein.

If we are correct in our conclusion concerning the trial judge's doubt, and we can interpret his statement in no other manner, then the defendant should have been granted a new trial on the basis of his motion for new trial.

In Volume 22A C.J.S. Criminal Law, § 683, p. 743, the following appears:

"So, these exceptions should be carefully limited, and their number and scope not increased, and, *if it is doubtful whether evidence of other offenses falls within any of the exceptions to the rule, it should be excluded.*" (Emphasis added)

We observe from the record that notwithstanding the fact that defendant requested all the exhibits be transmitted to this Court with the record of trial, such exhibits did not reach this Court until defense counsel unveiled them at the second hearing. Once those exhibits were separated and placed in chronological order, according to their introduction at the trial, their irrelevancy became more understandable.

We note also that notwithstanding the fact that the prosecutor advised the trial court numerous times, in response to defendant's objections to the evidence, "If the court please, we will tie it in." That such evidence was not properly "tied in" to the charge of larceny, to overcome defendant's objections.

In Michelin v. State, 66 Okl.Cr. 241, 90 P.2d 1081, 1082, the exception to the general rule is stated thusly:

"[T]he general rule does not apply where the evidence of the other crime *tends directly to prove defendant's guilt of the crime charged.* Evidence which is relevant to defendant's guilt is not admissible because it tends to prove him guilty of another and distinct crime. It is often the case that they are so inseparable that the proof of one necessarily involves proving the other." (Emphasis added)

In this case, the charge was "larceny of an Oldsmobile automobile", and while such other evidence does establish defendant's possession of stolen property, we fail to see how it tends to directly prove the charge of larceny. Admittedly, such evidence goes to show probable knowledge that the automobile was a stolen one, but it does not prove

the required elements of the crime of larceny. Had the charge against defendant been "possession of stolen property", there seems little doubt that the evidence concerning the other vehicles would have been both material and relevant.

■ While quoting from State v. Gregory, 191 S.C. 212, 4 S.E.2d 1, at page 4, this Court recited in Roulston v. State, supra, concerning the admissibility of evidence of other crimes:

"The acid test is its logical relevancy to the particular excepted purpose or purposes for which it is sought to be introduced. If it is logically pertinent in that it reasonably tends *to prove a material fact in issue*, it is not to be rejected merely because it incidentally proves the defendant guilty of another crime." (Emphasis added).

See also 22A C.J.S. Criminal Law § 683, p. 744.

■ The only probative effect such evidence had was to show defendant's possession of other stolen automobiles at other and different times, from the time of this larceny charge. We are unable to state whether or not the jury would have found the defendant guilty of the charge of larceny, based upon his possession of the automobile under these circumstances, because the main issue was clouded by the remote evidence of other alleged offenses. Certainly, unexplained possession of stolen property is a fact to be considered by the jury, when considering a larceny charge. But in this instance, the defendant did offer an alibi, which although challenged during cross examination, was not rebutted by the State.

■■ It appears in this case that such remote evidence was so overwhelming that it could have had no other effect, than to unduly arouse the jury's emotion of prejudice against the defendant, while at the same time creating side-issues sufficient to distract the jury from the main issue of larceny.

The Roulston opinion, supra recites further, on page 867 of 307 P.2d (quoting from State v. Gregory, 191 S.C. 212, 4 S.E.2d 1, 4:

"[T]he dangerous tendency * * * *should be rejected."*

And see 22A C.J.S. Criminal Law § 683, p. 755.

■ From the trial judge's statement, recited hereinbefore, it must be assumed that this defendant was not given the benefit of such doubt. Under the facts and circumstances of this case, according to the proof offered by the State, the evidence concerning other automobiles should have been rejected, as not being visibly connected to the charge of larceny.

Having determined that defendant's first two propositions have sufficient merit to warrant a new trial of this case, it becomes unnecessary to discuss further his last proposition as stated in his brief.

We are of the opinion, after hearing the oral arguments and after examining the multitude of exhibits introduced, as well as having closely examined the record of trial, that defendant was entitled to have had his motion for new trial sustained, and therefore this case should be reversed and remanded for new trial.

Therefore, for the reasons stated herein, this case is reversed and remanded to the district court of Tulsa County for a new trial consistent with the provisions contained herein.

NIX, P. J., and BUSSEY, J., concur.